[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 48 
This action is brought upon a bond executed by the defendant as surety to recover the amount alleged to be due and owing the plaintiff by one Rudolph W. Wolffsohn, its agent.
The referee has found as facts, in substance, that on the 27th day of August, 1877, the plaintiff entered into a written agreement with Wolffsohn, by which he became the agent of the company, to take charge of its business in the city of Buffalo and vicinity; that under the provisions of the contract he was authorized to make collections for premiums due or that should become due upon policies, and to promptly pay the money so collected to the company or to such company or bank as the treasurer may designate from time to time. It was further agreed that he should be allowed to draw at the rate of $2,000 per year, payable monthly, and at the expiration of the year any amount due him for commissions should be paid to him, and any amount overdrawn by him should be returned to the company; that the defendant in executing the bond in question had no express knowledge of the agreement between the plaintiff and Wolffsohn, and that he never subsequently expressly agreed thereto; that at the end of the year the agency terminated, and it was then found that Wolffsohn, the agent, had correctly accounted for and paid over all moneys received by him as such, except the sum of $9.22 and the further sum of $2,000, which had been retained by him in monthly installments of $166.66 in accordance with the provisions of the contract. It was further found that of this sum $500 had been advanced to him in cash by the plaintiff in October and November, 1877; that the monthly installments of $166.66 up to the 27th day of January, 1878, were retained by him with the consent of the plaintiff; that the monthly installments retained by him thereafter to the end of the year, amounting to the sum of $1,175.90, was retained by him without the consent of the plaintiff; that the commissions earned by him did not cover the same, and judgment for that amount was ordered against the defendant upon the bond.
The condition of the bond is: "That if the said Rudolph W. Wolffsohn shall keep true and accurate accounts of all *Page 49 
business of said company intrusted to him, shall promptly pay to said company or to such person or bank as the treasurer of said company may designate from time to time, all moneys of said company that may be received by him or come into his possession or control, shall deliver all the property of said company that he may at any time receive or obtain control of to such person as may be at any time designated for that purpose by the president of said company, and shall well and truly perform, all and singular, the duties of agent of said company which may be at any time required of him in that capacity; and cease to act as such agent whenever required so to do by the president of said company, for the time being, then this obligation shall be null and void, otherwise to remain in full force and effect."
The question presented for review under the exceptions taken in this case is as to the right of the plaintiff to recover of the defendant the excess of advances for salary or commissions over and above commissions earned retained by Wolffsohn under the provisions of the contract. It will be observed that the bond makes no allusion to the contract or to the money advanced by the company to its agent by way of salary or commissions. The condition of the bond relates exclusively to the faithful discharge of the duties of Wolffsohn as agent of the company, and the delivery of all property and the payment over of all moneys coming to his hands as such agent. The rule is that a surety is entitled to a strict construction of the bond under which it is sought to make him liable, and that it cannot be enlarged by implication to cover anything which was not in the contemplation of the parties at the time the bond was executed. (Bigelow v.Benton, 14 Barb. 123; Barns v. Barrow, 61 N.Y. 39;Schwartz v. Hyman, 107 id. 562.)
There was no evidence tending to show that the surety, at the time of executing the bond, had any knowledge of the agreement existing between the plaintiff and Wolffsohn. The referee has found that the defendant had no express knowledge of the agreement. The position of Wolffsohn, as disclosed *Page 50 
by the condition of the bond, was that of agent, and as such he was to keep true and accurate accounts and promptly pay to the company, or to such person or bank as should be designated, any moneys or property coming to his possession as such agent. The defendant, as surety, may have been willing to undertake that Wolffsohn would faithfully discharge the trust reposed in him as such agent, as to the money and property coming to his hands for which he would be criminally liable for misappropriation, when he would not be willing to become surety to pay his ordinary debts. Whilst the money sought to be recovered in this action was received by Wolffsohn in a fiduciary capacity, it was retained by him under the provisions of the agreement, which permitted him so to do, to apply upon his commission or salary, and the circumstances under which it was retained are such as to lead to the inference that it was within the contemplation of the parties that he should have the right to use and expend the same for the support of himself and family. The provisions of the contract requiring him to repay at the end of the year in case his commissions did not amount to the sum so retained, would make him liable for such amount as an ordinary debtor. He would not be liable for embezzlement or misappropriation in case of his inability to repay. It is true that the plaintiff objected to his retaining the monthly allowance after the 27th day of January, 1878, but he had the right so to do under his contract with the company, and the company thereafter permitted him to continue as its agent until the end of the year, although it had the right to terminate its contract with him on a written notice of thirty days. It appears from the evidence, although not found by the referee, that Wolffsohn wrote the plaintiff upon the 21st day of January, 1878, to the effect that he should not draw any more money on account of his commissions under the contract, but it does not appear that this letter operated to change the relation of the parties or affect his rights under the contract. It was but a voluntary resolution on his part, which he subsequently did not see fit to live up to. It consequently appears to us that the money sought herewith to be recovered *Page 51 
must be deemed to have been retained by Wolffsohn as an advancement upon his salary or commissions under his agreement with the plaintiff, and that the defendant is not liable therefor as surety upon the bond.
The judgment should be reversed and a new trial granted with costs to abide the event.
All concur, except BRADLEY and BROWN, JJ., not voting.
Judgment reversed.