JANE LAW

*v.*

D. HORACE FLETCHER.

1.  NEW TRIAL—*bill of exceptions must show motion.* This court will not inquire whether the evidence authorized a verdict, unless the bill of exceptions shows that a motion for a new trial was made and overruled, and proper exceptions taken thereto.

2.  JUDGMENT—*variance from summons and pleadings.* Where the defendant in the summons is described as " guardian," and the judgment is against him personally, it will be presumed, in the absence of anything showing the contrary, that the evidence authorized the judgment, and the word " guardian " will be rejected as surplusage, and the seeming variance will be cured by the Statute of Amendments.

APPEAL from the Circuit Court of Cook county; the Hon⸲ JOHN G. ROGERS, Judge, presiding.

Mr. MORTON CULVER, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We can not inquire whether the verdict was unauthorized by the evidence, for the reason that the bill of exceptions fails to show that a motion for new trial was made by appellant and overruled by the court, and proper exception taken thereto by appellant. *Boyle* v. *Levings,* 28 Ill. 316; *Pottle* v. *Mc Worter,* 13 id. 454; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Dorsey,* 68 id. 326. The certificate of the clerk in that respect is not sufficient. Id. See also *Drew* v. *Beall,* 62 Ill. 164, and cases there cited.

The only objection insisted on in argument, which we can notice, relates to the form of the judgment. Appellant, in the declaration, summons, etc., is entitled guardian; but the judgment is against her personally. Assuming, as we must, that the evidence authorizes the judgment as rendered, the word " guardian " may be rejected as surplusage where it occurs in the pleadings and summons, and the seeming variance is cured

by the Statute of " Amendments and Jeofails." (R. S. 1874, p. 137, chap. 7.)

The judgment is affirmed.

*Judgment affirmed.*