CHRISTIAN STERN *et al.*

*v.*

THE PEOPLE, for use, etc.

*Filed at Mt. Vernon November 11, 1880.*

1. NEW TRIAL—*no exception taken to ruling.* Where the bill of exceptions fails to show an exception taken to the decision of the court overruling a motion for a new trial, it will be understood that the party acquiesced in the decision, and it can not be assigned for error.

2. OFFICIAL BOND—*misappropriation of funds in former term—liability of sureties.* In an action upon a county treasurer's bond, given for his term of office commencing December, 1877, to recover for moneys misappropriated and not paid to his successor after his removal from office, the sureties pleaded that the principal was treasurer of the county for a term of two years from December 1, 1875, to December 1, 1877; that he defaulted during that term, and that the sum of money alleged to have been in his hands on the day mentioned in the declaration had been misappropriated during that term;—to which plea the court sustained a demurrer: *Held,* that the court erred in sustaining the demurrer. If the defaulting officer misappropriated funds that came to him in his official capacity, during a term of office when defendants were not his sureties, they were under no legal obligation to make good such defalcation.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellants:

The second plea was good. It seems to be the settled law that when an officer has been successively elected or appointed, and has given a bond for each term, and has received and appropriated to his own use moneys received within one term, the securities for another term are not liable. *Vivian* v. *Otis,* 24 Wis. 518; *Townsend* v. *Everett,* 4 Ala. 607; *Thomas* v. *Patterson,* 9 id. 484; *Coons et al.* v. *The People,* 76 Ill. 383.

So it was held, that if a collector for 1872, had in that year squandered the money received by him during that year, the securities for 1872 would be liable, and not the securities for

1873. 38 N. J. Law R. 255; *Detroit* v. *Weber*, 29 Mich. 25; *Paw Paw* v. *Eggleston*, 25 id. 35.

It was held in Mississippi, that if a city treasurer is intrusted with the safe keeping of public money, upon his election for a second term transfers to his books for that term, and charges himself with the balance of the money for which he is accountable at the end of the first term, it will be competent for the sureties on his bond for the second term to show that the balance so charged was not on hand in cash at the time, but had been previously misapplied by the officer. *Mann* v. *Yazoo*, 31 Miss. 574.

While returns of a principal may be *prima facie* evidence, the weight of authority seems to be undoubtedly against making them conclusive evidence against his sureties. *State* v. *Rhoades*, 6 Nevada, 352; *Bissell* v. *Sexton*, 66 N. Y. 55; *United States* v. *Boyd*, 5 Nevada, 29.

In *Nolly* v. *Calloway County*, 11 Mo. 497, the court say: "The settlements by a county treasurer with the county court were not conclusive on his sureties, but may be explained or disproved by them." See, also, 4 Ala. 607, above cited, and *Washington County* v. *Doan*, 27 Grattan, 608.

The cases on which the decision in *Morley* v. *Metamora* rests, when examined, will not prove satisfactory.

*Baker* v. *Preston*, 1 Gilm. (Va. R.) 235, was overruled in *McDonald* v. *Burnwells, Admr.* 4 Rand. 317; *Craddock* v. *Turner, Admx.* 6 Leigh, 116.

*Nolly* v. *Calloway County, supra*, expressly overrules the case of *Baker* v. *Preston*.

The Indiana case, *State* v. *Grammer*, 29 Ind. 530, rests exclusively on the Virginia case, *Baker* v. *Preston*.

In addition to the cases already cited, that sureties are only bound for the defalcation within the term in which they accrue, we cite: *Meyers* v. *United States*, 1 McLean, 498; *Farrar et al.* v. *United States*, 5 Peters, 383; *Inhabitants of Rochester* v. *Randolph et al.* 105 Mass. 295; *United States* v. *Eckford's Exrs.* 1 How. 257; *Bruce* v. *United States*,

17 id. 437; *Peterson* v. *Inhabitants of Township*, 38 N. Y. 255; *County of Mahaska* v. *Ingalls*, 16 Iowa, 85; *Bessinger* v. *Dickinson*, 20 id. 261.

Messrs. WILDERMAN & HAMILL, Mr. R. A. HALBERT, and Mr. G. W. BROCKHAUS, for the appellee:

Where the bill of exceptions does not show affirmatively that exception was taken to the overruling of a motion for a new trial, the finding of the court, or the rendition of the judgment, the action of the court in that behalf can not be assigned for error. *Dickhut* v. *Durrell*, 11 Ill. 72; *Pottle* v. *McWhorter*, 13 id. 454; *McClurken* v. *Ewing*, 42 id. 283; *Gill* v. *The People*, 42 id. 321; *Drew* v. *Beall*, 62 id. 164; *Board of Trustees* v. *Meisenheimer*, 89 id. 151; *Law* v. *Fletcher*, 84 id. 45.

A motion for a new trial must be made, although the cause was tried before the court without a jury. *Bills* v. *Stanton*, 69 Ill. 51; *Nimmo* v. *Kuykendall*, 85 id. 476; *Sherman* v. *Skinner*, 83 id. 584; *David M. Force Manf. Co.* v. *Horton*, 74 id. 310.

The bill of exceptions is conclusive that no exception was taken in the court below on the trial. *Chicago, Burlington and Quincy R. R. Co.* v. *Lee*, 68 Ill. 576; *David M. Force Manf. Co.* v. *Horton*, 74 id. 310.

The second plea is bad. Where an officer misapplies moneys in his hands, but makes his regular accountings, they are deemed in the eyes of the law to be in his hands, even though he may borrow them for this purpose. *Pinkstaff* v. *The People*, 59 Ill. 148; *Roper* v. *Treasurer of Sangamon Lodge*, 91 id. 518; *Morley* v. *Town of Metamora*, 78 id. 394; *Coons* v. *The People*, 76 id. 283; *Bruce* v. *United States*, 17 How. 437; *Ingraham* v. *Marine Bank*, 13 Mass. 208.

The law requiring periodical examinations of the accounts of officers is for the benefit of the public, and not for the benefit of sureties, and they have no right to rely upon it. *Detroit* v. *Weber*, 26 Mich. 284; *United States* v. *Kirkpatrick*,

9 Wheat. 720; *United States* v. *Vanzandt,* 11 id. 184; *Ryan* v. *United States,* 19 Wall. 514.

Per CURIAM : This action was brought in debt, in the name of the People for the use of the county of St. Clair, on the bond of George W. Sieber, formerly treasurer of that county, and was brought against the treasurer and his sureties on his bond of the date of November 26, 1877. By way of recitals, it is averred, among other things, in the declaration, that Sieber was elected treasurer of the county of St. Clair at the November election, 1877, and on the 26th day of the same month gave the usual bond as such treasurer with defendants as his sureties; that on the first Monday of December, 1877, he took upon himself the performance of the duties of such office until the 11th day of February, 1879, when failing and refusing to make reports of his official acts and doings, as was his duty under the law, and as he was requested to do by the proper authorities of the county, and because he failed to answer to the county board touching the funds then and previously in his hands as treasurer of the county, he was, by order of the board made on that day, removed from office, and Madison T. Stookey was then appointed his successor, as the board might lawfully do under the statute, having first determined that Sieber was a defaulter, and Madison T. Stookey took upon himself the performance of the duties of· the office of county treasurer, and still is treasurer of such county. The averment then is, that Sieber was and still is in arrears with the county, and although he has in his hands a large sum of money, to-wit, $50,000, belonging to said county, and which said sum was received by him as county treasurer, and, although it was his· duty to pay over to his successor in office the funds so remaining in his hands, he had failed and refused so to do, whereby an action had accrued against defendants. All the defendants, except Sieber, pleaded to the declaration, and the court, to whom the cause was submitted for trial, found the issues on the evidence in

favor of plaintiffs, and rendered judgment against defendants for the sum named in the bond, as debt, and damages in the sum Sieber was in arrears to the county,—the debt to be discharged on the payment of the damages. That judgment was affirmed on the appeal of defendants in the Appellate Court, and now they bring the case to this court on appeal.

It appears from the bill of exceptions contained in the record that defendants entered a motion in the circuit court for a new trial, assigning causes therefor in writing, but it does not appear any exception was taken by defendants to the decision of the court overruling such motion. As there was no exception taken to the decision overruling the motion made for a new trial, it will be understood defendants acquiesced in the decision of the court on that motion. Hence only the questions arising on the pleadings can be considered as the case comes before this court.

All of defendants, except Sieber, severally pleaded *non est factum*, which plea was verified by affidavit, and with that plea filed a number of special pleas. Under the view taken by a majority of the court it will only be necessary to notice the second special plea. That plea alleges that the bond upon which defendants were sureties was for the term commencing December, 1877; that Seiber was treasurer of the county of St. Clair for a term of two years, from December, 1875, to December, 1877; that he defaulted during that term, and that the sum of money alleged to have been in his hands on the day mentioned in the declaration had been misappropriated during that term. The court improperly sustained a demurrer to that plea. No reason is perceived why it does not present a full defence to the cause of action alleged against defendants. If the defaulting officer misappropriated funds that came to him in his official capacity during a term of office when defendants were not his sureties, they were under no legal obligation to make good such defalcation. That obligation rested upon his sureties on his bond for the term in which the misappropriation occurred. It is but

stating a truism to say if the funds were misappropriated during a former term, it was not possible for him to deliver them to his successor. The fact such officer was his own successor can make no difference.

The case of *Coons* v. *The People,* 76 Ill. 383, is an authority in point. That was a case where taxes were collected by a collector and orders taken up during his first term of office, and he failed to make a report of his acts and to make a settlement with the proper county authorities, when required by law, at the expiration of his term. The same person was elected his own successor, and in an action on his bond given for the performance of his official duties during his first term of office, it was held his sureties on that bond were liable for his default, and the reason assigned was that the collector failed to make a report and settle with the county board when required by law.

The case of *Morley* v. *Town of Metamora,* 78 Ill. 394, differs essentially in its facts and the principle declared, from *Coons' case* cited *supra.* In *Morley* v. *Town of Metamora,* the defaulting officer made his report at the end of his first term, showing a definite sum remaining in his hands as his own successor. The report was approved by the auditing board, whose duty it was to examine the same, and the sureties on the second bond had notice of what the record disclosed in that respect. It was a reasonable conclusion that they assumed by their suretyship the obligation that rested upon their principal, as appeared by his own report on file at the time they entered into such obligation.

Conceding the fact as alleged in the second plea, that the misappropriation of the funds by Sieber did in fact occur during a previous term when defendants were not his sureties, a majority of the court are of opinion the plea shows a defence to the action. Whether the facts averred in this plea are true, is a matter of evidence, and the burden of proving them, of course, rests on defendants.

The judgment of the Appellate Court will be reversed, and the cause remanded to that court with directions to reverse the judgment of the circuit court, on account of the error of that court in sustaining the demurrer to the second plea, and remand the cause, with leave to plaintiffs to reply to the plea, and for a new trial.

*Judgment reversed.*