POTTER ET AL.

v.

BOARD OF TRUSTEES, etc.

PUBLIC OFFICER—BOND—LIABILITY OF SURETIES.—When a public officer misappropriates funds that came to him in his official capacity during one term of office, his sureties for a succeeding term of office are under no legal obligation to make good such defalcation. The obligation to make good such defalcation rests upon the sureties for the term in which the defalcation occurred.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed September 29, 1882.

BAKER, P. J. This suit was prosecuted by the Trustees of Schools against appellants on the bond of Potter, as township treasurer. The bond was executed by Potter as principal, with Gerke and Volk as securities, on the 9th of October, 1876, on his being re-appointed to the office at that time. The suit resulted in a judgment for $4,068.32 damages and costs against appellants. The substance of the 4th breach of the declaration was as follows: That for twelve years

Potter v. Board of Trustees.

before the execution and delivery of the bond sued on, Potter continuously held the office of treasurer of said township, during which time there came to his hands, by virtue of his office, large sums of money which accrued to the township, and the several districts thereof, from the State and township school funds, and interest thereon, and from fines and special school district taxes, amounting in the aggregate to $10,000, which, during said period of time, he unlawfully and wrongfully converted to his own use, and which it became his duty to demand, receive and replace in the treasury while he was in office under the bond sued on, and that he failed, neglected and refused to do so. The recovery in this case was on this 4th breach. A careful examination of the very voluminous testimony contained in the record shows that most, and possibly quite all, of the more than $4,000 supposed to have been converted by Potter to his own use, if misappropriated, was so misappropriated by him during the twelve years preceding the date of the bond in suit. The money in controversy, if converted by the treasurer, was so converted before the bond sued on was given, and the accounts of the treasurer containing the supposed illegal charges were from time to time submitted to and approved by the school trustees. When a defaulting officer misappropriates funds that come to him in his official capacity during one term of office, then his securities for a succeeding term of office are under no legal obligation to make good such defalcation. Stern et al. v. The People, 96 Ill. 475. It is urged that one of the conditions of the bond sued on was that Potter would " discharge all the duties of said office according to the laws which now are, or hereafter may be in force"; and that as by section 62 of the school law it was made his duty to "demand, receive and safely keep, according to law, all moneys, books and papers of every description belonging to his township," that therefore the securities on the present bond are liable for his breach of duty in not demanding, receiving and replacing the moneys converted during the former terms of office. The liability of these securities is to be strictly construed; and responsibility for defalcations for which other securities are liable on other

bonds can not thus be shifted to their shoulders. The statute made it the treasurer's duty to " demand, receive and safely keep" the school funds. There is no evidence to show Potter did not safely keep the funds that came to his hands during his last term of office; or that there was any neglect on his part to receive all moneys he had opportunity to get; and it is trifling to say. his failure to make a formal demand upon himself for moneys he had years before converted to his own use, rendered these securities liable therefor. The obligation for such defalcations rested upon his sureties for the terms in which these misappropriations severally occurred. The 4th breach avers it was Potter's duty under the bond in suit to *replace* in the treasury the sums of money he had converted during his former terms of office. But neither the bond nor the statute imposed any such duty; and the obligation of these securities can not be thus extended by implication. The great fault in this record is that most all the evidence produced bore only on the 4th assignment of breach, and that breach was bad, and presented an immaterial issue. The trial was had solely upon the theory that these sureties were liable simply because Potter, during his last term of office, did not replace in the treasury, funds he had improperly applied during former terms of office, when he had other and different securities on his bonds. There is no law or contract that imposed such burden upon them. The defendants should have interposed a demurrer to the 4th breach of the declaration, instead of filing pleas in bar. The judgment is reversed and cause remanded, and as the means of effecting substantial justice between the parties, a repleader is awarded.