SPENCER BARTON

v.

J. R. HARRIS.

*Practice—Overruling Motion for New Trial—Necessity of Exception.*

Where a motion for new trial is overruled and the defeated party fails to except, it will be presumed that he acquiesces in the decision of the court, and it can not be assigned for error.

[Opinion filed January 9, 1891.]

Appeal from the County Court of Peoria County; the Hon. J. C. Pickney, Judge, presiding.

Mr. W. T. Whiting, for appellant.

Mr. S. D. Wead, for appellee.

*Per Curiam.* This was an action commenced by appellee against appellant before a justice of the peace to recover damages to his corn grown on land which he had rented from one Jacob Darst. The appellant occupied a piece of land adjoining that occupied by appellee, and the fence not being kept up the cattle of appellant got through and onto the land of appellee, and committed the damages to the corn of appellee complained of and for which the judgment was rendered. This dispute is as to whose duty it was to keep up the fence.

The case was tried without a jury by the court. It appears that after the finding of the court there was a motion made for a new trial which was overruled by the court; but appellant took no exception to the action of the court in overruling the motion. In this state of the record the appellant is precluded from raising the objection that the finding of the court was against the evidence. When the record fails to show exceptions taken to the overruling of a motion for a new trial, it will be considered that the party acquiesced in the decision of the court and it can not be assigned for error. Law v. Fletcher, 84 Ill. 45; Stern v. The People, 96 Ill. 475; James v. Dexter, 113 Ill. 654; Graham v. The People, 119 Ill. 659.

These cases are decisive and the judgment must be affirmed.                                    *Judgment affirmed.*