## Oratio T. Phillips v. William G. Abbott.

1. APPELLATE COURT PRACTICE—*Exception to Instructions.*—If a party desires to question the correctness of the instructions, he must show that he excepted to the same in the court below.

Memorandum.—Case. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

STEVENSON & EWING, attorneys for appellant.

APPELLEE'S BRIEF, KERRICK, LUCAS & SPENCER, ATTORNEYS.

We think a conclusive reason exists why this judgment must be affirmed. It is because appellant failed to except to the ruling of the court, in giving or refusing any instruction, overruling the motion for new trial, or rendering judgment on the verdict. Pottle v. McWorter, 13 Ill. 454; Sedgwick v. Phillips, 22 Ill. 183; Low v. Fletcher, 84 Ill. 45; Board of Trustees v. Messenheimer, 89 Ill. 151; James v. Dixie, 113 Ill. 183; Huntington v. Chambers, 15 Brad. 426.

Phillips v. Abbott.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This action was slander, the charge being that appellant had spoken words imputing to the appellee the crime of larceny. The judgment upon the verdict of a jury was in favor of the appellee in the sum of $1,750. The defense sought to be made was, that the words were not spoken, or if the words were used as charged, that they were accompanied with an explanation of the transaction to which they referred, which so qualified the slanderous language that the persons present could clearly understand that the offense of larceny was not charged or imputed. It does not appear from the record that the appellant excepted to the action of the court in giving, or refusing to give, or in modifying any instruction or in overruling his motion for a new trial. Therefore, the action of the court in the respects named, is not before us for review, nor can we inquire whether the evidence is sufficient to authorize the verdict. Board, etc., v. Misenheimer, 89 Ill. 151; James v. Dexter, 113 Ill. 554; Law v. Fletcher, 84 Ill. 45.

For like reasons, we can not consider whether the damages allowed are excessive. We have, however, examined the evidence preserved in the bill of exceptions and find that it was established by the testimony of a number of witnesses that the appellant spoke of the appellee the slanderous words charged, or enough of them to answer the demand of the law in such cases, and opposed to such evidence, we find only the unsupported testimony of the appellant. Whether he accompanied the words with an explanation or history of the transaction to which the words referred, was to state the case most favorably for the appellant, a fair question of fact for the determination of the jury.

The complaint that certain instructions given for the plaintiff below authorized the jury to find for the plaintiff upon proof sufficient to make a case for plaintiff, that is, that the appellant spoke the slanderous words charged, thus ignoring the defense that the words were explained and qualified by other words then used and spoken, is not en-

tirely a groundless objection, but if it were a question open to us for decision, we should be strongly inclined to hold that the point was so fully met and cured by the instructions given for appellant, in which the defense in question is fully and fairly stated, and impressed upon the jury in seven different instructions, that, taken as a series, the instruction fully and fairly presented the law in behalf of both the contending parties. The judgment must be and is affirmed.