## Gustav Schoeneman, Impleaded, etc., v Henry F. Martyn et al.

1. OFFICIAL BONDS—*Cover Future Transactions Only.*—An official bond, which, after reciting the election of the officer, and when his term of office will begin, and that "by reason whereof divers sums of money will come into his hands," provides that he should pay over all money which shall at any time come into his hands as such officer, covers future transactions only, and its recitals have reference only to moneys coming into his hands subsequent to the execution of the bond.

Schoeneman v. Martyn.

Debt, on an official bond.   Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding.  Heard in this court at the October term, 1896.  Reversed and remanded.  Opinion filed January 21, 1897.

## Statement of the Case.

This action was upon the bond of a treasurer of appellee's lodge, to recover money which he, it is claimed, should have paid over to his successor in office on proper demand.  He served for two consecutive terms, succeeding himself, his last term being from July 13, 1893, to January 13, 1894.

G. Schoeneman, the appellant in this case, is one of the sureties on his bond, and the only one of the defendants who pleaded; the other surety and the principal on the bond are in default.

Schoeneman pleaded *non est factum, nul tiel corporation*, and a plea of performance.

The third plea sets out performance of each requirement of the bond, and ends by saying that "Rosenberger did not violate the condition of the bond during his last term," and that "since the making of the said bond the plaintiffs have not in any way been damnified by reason of any breach of any matter or thing in said condition mentioned."

J. Henry Kraft, attorney for appellant, Schoeneman.

C. E. & G. D. Anthony, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

Whether the third plea was technically good or not, need not be discussed.   Appellee was bound to prove a failure to comply with the conditions of the bond.

The condition of the bond upon which this suit was brought is as follows:

"Whereas, the said Gus. Rosenberger has been elected master of exchequer of the said America Lodge No. 333 for the term commencing on the first day of July, A. D. 1893, and ending on the first day of January, A. D.

1894, or until the installation of his successor in office, by reason whereof divers sums of money, bonds, choses in action, chattels and other property belonging to said lodge No. 333 will come into his hands.

Now, therefore, the condition of the above obligation is such, that if the said Gus. Rosenberger, master of exchequer, shall keep a regular and correct account of all moneys received by him as master of exchequer, and pay out the same, or any portion thereof, under the proper order of said lodge No. 333, and not otherwise; and shall safely keep, and upon the expiration of his term of office, and whenever by said lodge No. 333 required, shall render unto said lodge No. 333 a just and true account of all such sum or sums of money, bonds, choses in action, chattels and other property, as shall at any time have come into his hands, charge or possession as master of exchequer of said lodge No. 333; and shall, at the expiration of his term of office, pay and deliver over to his successor in office upon demand of him made by his successor or by said lodge No. 333, all such balances or sums of money, bonds, choses in action, chattels and other property, which shall at any time have come into his hands, possession or control, as master of exchequer of said lodge No. 333, and if the said Gus. Rosenberger, master of exchequer, shall faithfully perform and do all other acts required of him to be done or performed by the constitution and by-laws of said lodge No. 333; and in case of failure of said Gus. Rosenberger to faithfully perform all the duties aforesaid, all necessary court costs, expenses, and a reasonable attorney's fee to be fixed by the court, shall be taxed against said Gus. Rosenberger, and for the payment of which this obligation is further charged; and if the said Gus. Rosenberger, master of exchequer, shall not wrong said lodge No. 333, to the value of anything, nor take part or share directly or indirectly in any illegal distribution of the funds or other property of said lodge No. 333, but shall, to the best of his ability, endeavor to prevent any such perversion of lodge property, and shall in all things well and truly, honestly and

faithfully, perform all and singular his duties as master of exchequer of said lodge No. 333, during his continuance in said office, then the above obligation to be void, otherwise to remain in full force and virtue."

Upon the trial the following stipulation was made :

" It is hereby stipulated that the minute book offered in evidence shows that Gus. Rosenberger, treasurer of said lodge, served as master of exchequer or treasurer for two consecutive terms, and each term was regularly elected and installed in office, and that all requirements provided for the election and installation in office of said treasurer, as laid down in the constitution and by-laws, were complied with.

That at the close of said Rosenberger's first term of office as treasurer, his books and accounts were regularly audited by an auditing committee duly appointed, and the books and accounts of said Rosenberger were found to be correct, and said books showed that he should have had a balance of $564.72 on hand, which report was duly presented to the lodge and adopted.

That before Rosenberger entered on his second term, he presented his bond to the trustees, dated July 13, 1893, and the said trustees approved the same and reported to the lodge their approval, and the lodge adopted the report of the trustees and accepted said bond.

That after the bond had thus been approved and accepted said Rosenberger was duly installed in office as his own successor; that during his second term of office, from June 6, 1893, to January 4, 1894, said Rosenberger received $356.25 and dispersed regularly $367.60, leaving him chargeable with $553.37.

That at the close of Rosenberger's second term the books were audited and found correct, leaving him chargeable with $553.37; that the report was presented to the lodge and adopted."

It is further stipulated that the minutes show the amount received each meeting night and the amount expended, and the accounts are always balanced, the following form being used : " Amount on hand in the hands of the master of ex-

chequer at last meeting" (so much), "amount received" (so much), "total $......," "amount disbursed" (so much), "balance on hand in master of exchequer" (so much). It is also stipulated that at the close of Rosenberger's term the minutes show a balance of $553.57.

The treasurer testified that at the commencement of his last term he did not have any money belonging to the lodge in his possession. An objection to this testimony was sustained, and the court refused to permit appellant to show that the treasurer, at the expiration of his first term, had spent all of the apparent balance on hand, and was then a defaulter to the extent of the entire amount which should have been on hand, and that nothing was received during his second term from transactions of the first term.

The latest utterance of the Supreme Court touching the question here presented, is in Stern et al. v. The People, 96 Ill. 475. Following this, we must hold that the bond covers future transactions only. The condition, after reciting his election, and when his term will begin, says: "By reason whereof divers sums of money will come into his hands." Its language is "shall" pay over all money, "which shall at any time have come into his hands as master of exchequer."

The recitals show this to have reference only to what should come into his hands subsequent to the giving of the bond.

All that came into his hands after the bond was given, has been paid over. What was not in his hands when the bond was given and never thereafter came, the bond does not cover.

The jury should not have been instructed to find for appellee, and appellant should have been permitted to show the actual state of the treasury when the bond was given. Stern et al. v. The People, 96 Ill. 475; Inhabitants of Rochester v. Randall et al., 105 Mass. 295; The County of Mahaska v. Ingalls, 16 Ia. 81.

In the case at bar, the treasurer made no report at the end of his first term. A committee examined his books, and reported that he should have on hand some $564.77.

When shown this report the treasurer said that "he was satisfied the record was a correct statement of the condition of his books," or, as one witness testified, "After the books were all balanced, I said, 'That is the balance on the books as balanced,' and he said, 'Well, that is correct,' some words to that effect."

The judgment of the Superior Court is reversed and the cause remanded.