## T. B. Johnston v. S. M. Miller.

1. PRACTICE—*Where Finding of Court Will Not Be Disturbed.*— The finding of the trial court will not be disturbed because of any question as to the competency of certain items of proof, where the competent proof warranted the finding.

Assumpsit, for a breach of a written contract. Appeal from the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

J. A. Cameron and A. Keithley, attorneys for appellant.

Ellwood, Meek & Lovett and Barnes & Magoon, attorneys for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Miller sued Johnston for damages for breach of a written contract, and upon a trial without a jury there was a finding for Miller, assessing his damages at $400, upon which he had judgment, and Johnston appeals.

Johnston had two tracts of timber land, embracing some 320 acres, and Miller had a portable saw mill, then located several miles distant. The contract provided that the mill should be moved to and set up on Johnston's land at the joint expense of both parties; that Johnston should furnish the timber on the skids at the mill and Miller should saw it at certain agreed rates, and Johnston should take the lumber away from the mill. The mill was so moved and set up, and Johnston hauled some logs to the mill, and Miller sawed them. It is clear Johnston ceased to deliver logs at the mill and thus broke the contract, and refused to deliver more logs, and declared the contract rescinded. The proof showed what profit per 1,000 feet there was in the business for Miller, and how much lumber, approximately, could have been sawed from the trees fit for sawing on the two tracts, and the proof on that subject warranted the assessment of the damages awarded by the court. The contract required Miller to run his mill to the best advantage to hurry the lumber out, and Johnston claims Miller did not fulfill this part of the agreement, and thus was guilty of the first breach and therefore can not recover. We are satisfied that the court was warranted in finding that there was no unreasonable delay except that arising from a lack of logs placed upon the skids at the mill. The main question is whether the duty to deliver the logs upon the skids

at the mill had been cast upon Miller by a subsequent contract.

After work under the contract sued upon had been in progress a short time the parties had several meetings relative to making another and different contract.   Miller's family lived some distance away, and Johnston was complaining because lumber was not got out faster. . It was proposed that Johnston should let Miller put up a shanty on Johnston's land till Miller could get a house, and should let Miller have some land for a garden, and Miller instead of Johnston should haul the logs, and Miller should be paid extra for that work a price fixed first at $1, and afterward at $1.50 per thousand feet.   Other items of the new contract were discussed orally by the parties, and apparently they agreed.   But it is clear both parties understood the contract was not to be binding till reduced to writing and signed by each party.   Each prepared a new contract as he understood it was to be, and the two papers did not agree in various details, and neither party would sign the contract prepared by the other, and no new contract was signed.   While the negotiations were being had some things were done pursuant to what it was understood the new contract was to be.   Miller erected a shanty on Johnston's land and moved his family there, and hauled a few logs to the mill.   When Miller found he and Johnston could not agree as to the terms of the new contract, he refused further efforts in that direction and declared his purpose to abide by the original contract.   Johnston refused to haul the logs as that contract required, and declared the contract rescinded.   While the parties orally agreed upon many of the details which were to enter into a new contract, yet they never agreed upon all of them, but disagreed upon some of them as soon as an attempt was made to express them in writing.   The minds of the parties never met upon all the details of the proposed new contract, and no contract was made.   It is argued by Johnston that they did orally agree that Miller should haul the logs and be paid therefor $1.50 per thousand feet, and that the other

details were unimportant. The proof warrants the conclusion that the parties did not so contract, except to agree that should be one of the provisions to enter into the proposed new contract to be written and signed, and when they failed to agree on a written contract which both parties would sign, the failure covered and included not only the items upon which they disagreed but also the items upon which they were agreed. The new contract was to be an entirety and it was not made.

The contract in suit provided that Johnston should " furnish all of the sawing timber on his lands salable at $15 per thousand upon the skids at the mill," and that " the price for sawing should be $5 per thousand for first and second, and common from one by six, and larger culls $2.50 per thousand, and mill culls nothing." Johnston argues here that these provisions mean that Miller was only to be paid for sawing lumber worth $15 upon the skids at the mill; and that the proof shows that there was no market for the lumber at the mill at any price, the nearest market being Peoria, fifteen miles distant, and no basis was therefore laid for the assessment of any more than nominal damages; and that the court erroneously construed said provisions to mean that Johnston was to deliver on the skids at the mill all sawing timber on his lands salable in the market where Johnston sold his lumber at $15 per thousand. No propositions of law were presented to the trial court, and there is nothing to show what construction the trial court adopted; and for want of propositions of law no question of law as to the true meaning of the contract is presented by this record for our decision. But if the court did so hold, we think that conclusion was warranted both by the contract itself and by the course of business between the parties relative to the subject-matter of the contract, as developed in the proof. If Johnston's position here is correct, the result would be that as the lumber had no market value on the skids at the mill, therefore Miller agreed to do all the sawing for nothing. Neither party so intended.

The finding of the court will not be disturbed because of any question as to the competency of certain items of proof, for the reason that the competent proof warranted the finding. Palmer v. Meriden Britannia Co., 188 Ill. 508. The trial court saw the witnesses. We find nothing in the record calling for a reversal.

The judgment is therefore affirmed.