### Anton Ezerski v. Chicago City Ry. Co.

1. APPELLATE COURT PRACTICE—*Exception Must Be Taken to the Overruling of a Motion for a New Trial.*—An exception to the overruling a motion for a new trial must be taken and preserved, to authorize review of the trial court's rulings on evidence.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 26, 1903.

SEWARD S. SHIRER and JAY C. LYTLE, attorneys for appellant; CHARLES L. MAHONY, of counsel.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued appellee in case for an alleged personal injury claimed to have been occasioned by appellee's negligence. The jury found appellee not guilty and judgment was rendered accordingly. The contentions of appellant are, that the verdict is against the law and the evidence; that the court admitted incompetent and improper evi-

dence, and also gave erroneous instructions. Appellee's counsel contend that the alleged errors can not be reviewed, for the reason that appellant did not except to the overruling of his motion for a new trial. The abstract contains this statement:

" To which action of the court, in denying the motion of the plaintiff for a new trial, said plaintiff, by his counsel, then and there excepted."

This is incorrect and misleading. Referred by appellee's counsel to the bill of exceptions in the record, we there find the following:

" But the court denied the motion, to which decision of the court, in giving judgment on the verdict against the plaintiff, the plaintiff, by his counsel, then and there excepted."

The decision excepted to by the language quoted is, clearly, the decision rendering judgment on the verdict, and is not an exception to the ruling of the court on the motion for a new trial. It is the same as if the reading were:

" To which decision of the court giving judgment on the verdict, the plaintiff, by his counsel, then and there excepted."

In E. St. Louis Electric Ry. Co. v. Stout, 150 Ill. 9, the language of the exception was:

" But the court overruled the motion and rendered judgment in accordance with the finding of the jury, to the rendition of which judgment the defendant then and there excepted."

The court held, contrary to the contention of the plaintiff in error, that the exception was only to the rendition of the judgment. The appellant filed a written motion for a new trial, in which reasons for the motion were specified as follows:

" 1.   That the verdict is against the weight of the evidence.

2.   That the verdict is against the law.

3.   That improper and prejudicial remarks were made by counsel for defendant in his opening address to the jury.

4.   That improper remarks and statements were made

by counsel for defendant in his closing address to the jury, to which counsel for plaintiff then and there duly excepted.

5.  That the court erred in admitting improper and incompetent evidence.

6.  That the court erred in giving certain instructions."

The reasons relied on include all the reasons urged here for a reversal of the judgment. The trial court, in overruling the motion for a new trial, necessarily decided that the reasons assigned as grounds for the motion did not exist. And the appellant, by not excepting to the court's ruling on the motion, must be held to have acquiesced in the ruling. Stern v. The People, 96 Ill. 475, 479; Robertson v. Morgan, 38 Ill. App. 137; Barton v. Harris, 39 Ib. 106.

In James v. Dexter, 113 Ill. 654, 656, the court say :

" It must appear, as has been held by this court in numerous decisions, that the fact a motion for a new trial was made and overruled and exceptions taken—or where the trial is by the court, without a jury, that exceptions were taken to the finding and decision of the court—are contained and are preserved in a bill of exceptions; otherwise the case will not be reviewed in the Appellate Court."

See, also, Law v. Fletcher, 84 Ill. 45, in which case the court say :

" We can not inquire whether the verdict was unauthorized by the evidence, for the reason that the bill of exceptions fails to show that a motion for a new trial was made by appellant and overruled by the court, and proper exception taken thereto by appellant."

Manifestly, the rule which requires that an exception to the overruling a motion for a new trial must be taken and preserved to authorize review of the trial court's rulings on evidence, applies equally to the rulings of the trial court on instructions, especially when, as in the present case, one of the reasons urged for a new trial was error in giving instructions.

The judgment will be affirmed on two grounds : the omission to except to the overruling the motion for a new trial, and the insufficiency and misleading character of the abstract.