Frank O. Hawley v. Gust Huth.

Gen. No. 4,310.

1. JUDGMENT—*when, not reviewed upon the facts.*  Where an action at law is tried by the court without a jury and no exception to the finding or to the judgment is preserved by the bill of exceptions, and a motion for a new trial being interposed, no exception to its overruling is preserved, the question as to whether the issues of fact have been correctly decided or whether the proof supports such finding and judgment is not presented to the Appellate Court for its decision, and the insertion of such exceptions in the abstract does not cure the omission in the bill of exceptions.

2. JUDGMENT—*when, not reviewed upon appeal.*  Where a cause has been tried by the court without a jury and no propositions of law presented, the question as to whether the law has been properly applied to the facts is not presented for review.

3. RULINGS UPON EVIDENCE—*when, not open to review.*  In a case tried by the court without a jury, if the defeated party does not except to the finding or the judgment, he acquiesces therein and is held to have waived every error occurring during the trial which he could have asserted against the finding and judgment if he had duly excepted thereto, including the rulings upon the admission and rejection of evidence.

4. MOTION FOR NEW TRIAL—*when overruling, not subject to review.*  Where the court overrules a motion for a new trial and the defendant does not except thereto, he acquiesces in the ruling and cannot review the action of the court in so overruling such motion.

5. RECORD PROPER—*when, prevails over bill of exceptions.* Where the question in dispute is as to the amount of the *ad damnum* named in the declaration, the record proper will control over the recitals of the bill of exceptions.

Action of assumpsit. Appeal from the County Court of Kendall County; the Hon. WILLIAM HILL, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed May 11, 1904.

JAMES F. GALVIN, for appellant; J. IVOR MONTGOMERY, of counsel.

DARNELL & LAWBAUGH, for appellee; JOHN FITZGERALD, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Hawley appeals from a judgment for $254.40 recovered against him by Huth, the plaintiff in an action of assumpsit tried without a jury. The bill of exceptions does not contain any exception to the finding or the judgment of the court. Defendant made a motion for a new trial, which was denied. The abstract states that defendant excepted to the denial of that motion, but the bill of exceptions contains no such exception. The abstract should speak the truth about the record. An omission to preserve an exception in a bill of exceptions cannot be cured by placing such an exception in the abstract. Where an action at law is tried without a jury, and no exception to the finding or to the judgment is preserved by bill of exceptions, and a motion for a new trial having been interposed no exception to its denial is preserved, the question whether the issues of fact have been correctly decided, or whether the proof supports the finding and judgment, is not presented to the Appellate Court for its decision. In such a state of the record the finding and judgment cannot be assigned for error. Cochran v. Village of Park Ridge, 138 Ill. 295; Bailey v. Smith, 168 Ill. 84; Mayor of Roodhouse v. Briggs, 194 Ill. 435. No propositions of law were presented. Therefore the question whether the law was properly applied to the facts is not preserved for review. This record does not present the

question whether the proof established a cause of action in plaintiff and overcame the bar of the Statute of Limitations pleaded by defendant.

The only exceptions preserved by defendant were to the rulings of the court in admitting and in refusing to exclude certain testimony offered by plaintiff of conversations with defendant's agent, since deceased. The record therefore presents the question whether exceptions duly preserved to the ruling of the court upon the admission of testimony are open for consideration upon appeal where, in a case tried without a jury, no exception has been preserved to the finding or to the judgment or to the overruling of the motion for a new trial. In Firemen's Ins. Co. v. Peck, 126 Ill. 493, and Union Ins. Co. v. Crosby, 172 Ill. 335, the court in such a case passed upon objections to the testimony to the extent of sustaining the action of the trial court thereon. In Gould v. Howe, 127 Ill. 251, also tried without a jury, it is implied that if any question of law arising on rulings in admitting or excluding evidence had been discussed in argument, the court could pass upon such question notwithstanding the absence of an exception to the judgment. On the other hand it was held in James v. Dexter, 113 Ill. 654, that unless it appears that a motion for a new trial was made and overruled and an exception taken, or, in cases tried without a jury, that exceptions were taken to the finding and decision of the court, the case will not be reviewed in the Appellate Court; thus indicating that an exception to the finding and judgment in a case tried without a jury performs a like office to an exception to the denial of a motion for a new trial in a case tried by a jury. The law is well settled that in a case tried with a jury an exception to a ruling upon the admission of testimony cannot be considered upon appeal unless a motion for a new trial has been interposed and denied and an exception taken to the denial of the motion. It would seem to follow that in a case tried without a jury an exception to a ruling upon the admission of testimony cannot be considered upon appeal unless an exception has been taken to the finding or

to the judgment. Again, in Aden v. Road District, 197 Ill. 220, a case tried without a jury, no exception was taken to the finding or to the judgment, no motion for a new trial was made and no propositions of law were set out in the bill of exceptions. It was held that it was not necessary to inquire whether any of the alleged errors were well assigned, because no question was presented by the record upon which the court could pass. In People v. C. & N.W. Ry. Co., 200 Ill. 289, the court said: "The errors alleged to have intervened in the cause at bar do not appear upon the face of the record as made up by the clerk, and in such state of case 'it must be made to appear by a bill of exceptions that an exception was taken to the action of the court in entering the judgment." In City of Alton v. Foster, 207 Ill. 150, 158, the cases on this subject were reviewed, and it was held that the only practical effect to be given the section of the Practice Act relative to trial without a jury is that by its provisions a motion for a new trial is unnecessary in a case so tried; that "if proper exceptions be taken during the progress of the trial, whether those exceptions be to the exclusion or admission of testimony or to the holding of the court upon propositions of law submitted by the parties, if exception be taken to the entry of the final judgment, all the questions are saved, and assignments of error may be made upon them as though a motion for a new trial had been made in those cases tried before a jury." The converse of that proposition is that in cases tried without a jury, if no exception is taken to the finding or to the judgment, exceptions taken during the trial to the exclusion or admission of testimony are not saved, and error cannot be assigned upon them. Other considerations seem to us to support such a rule. An appealing party is held to waive all errors to which he does not duly preserve an exception. If he does not except to the overruling of a motion for a new trial in a case tried by a jury, he cannot afterwards be heard upon any of the questions raised by that motion, for he has acquiesced in its denial or has waived the error, if any, in denying it. In East St. Louis

Hawley v. Huth.

Electric R. R. Co. v. Cauley, 148 Ill. 490, it was held that in that case, tried by a jury, the bill of exceptions must show an exception to an order overruling a motion for a new trial, before an Appellate Court could consider any question of the admission of evidence, and that where the bill of exceptions does not show an exception to the order overruling a motion for a new trial, "whatever would be cause for a motion for a new trial stands as if not objected to." So, in a case tried without a jury, if the defeated party does not except to the finding or the judgment, he acquiesces therein, and we think he should be held to have waived every error occurring during the trial, which he could have asserted against the finding and judgment, if he had duly excepted thereto, including rulings upon the admission or rejection of testimony. If a party has thus waived any exception he could have presented to the finding and judgment, how can he afterwards be heard to say the judgment should nevertheless be reversed because of some error in the rulings at the trial? That would be to permit him the same advantage as if he had excepted to the finding and judgment. When a party excepts to the finding or judgment, it is seldom because of any defect in the form of the finding or judgment, but it is because it is claimed some error has intervened at a prior stage of the proceedings which entered into the finding and judgment, and but for which the finding and judgment would have been different.

Again, though not required in such a case, defendant entered a motion for a new trial, and filed a written motion showing the points relied upon, and preserved these in the bill of exceptions. Three of the six points so filed questioned the rulings of the court upon the particular item of proof referred to. That motion was denied. The court in overruling that motion necessarily reviewed these rulings upon the admission of evidence and either decided the admission of the testimony in question was not erroneous, or else that the other and competent testimony in the record sustained the finding of the court, in which case a new trial was not required. Palmer v. Meriden Britannia Co.,

188 Ill. 508; Hammond v. Doty, 103 Ill. App. 75; Johnston v. Miller, 103 Ill. App. 181. As defendant did not except to the denial of that motion, he must be held to have acquiesced in that ruling. In Stern v. The People, 96 Ill. 475, tried without a jury, the court found the issues for plaintiffs, and defendants entered a motion for a new trial, assigning causes therefor in writing. The motion was denied. Defendants did not preserve an exception to the denial of the motion. The court said: "As there was no exception taken to the decision overruling the motion for a new trial, it will be understood defendants acquiesced in the decision of the court on that motion. Hence, only the questions arising on the pleadings can be considered as the case comes before this court." This court made a like ruling in a case tried without a jury, in Barton v. Harris, 39 Ill. App. 106.

We conclude it is immaterial whether the trial court ruled correctly in admitting the testimony of which complaint is here made, for the reason that even if it was incompetent defendant has not preserved any exception which would entitle him to a reversal of the judgment.

It is argued that the judgment is erroneous because it exceeds the *ad damnum*. The abstract states that the *ad damnum* in the declaration is $200. The bill of exceptions also so recites. The pleadings are a part of the common law record certified by the clerk. It is not the proper office of a bill of exceptions to state the condition of the pleadings. The abstract is incorrect upon this point. The declaration in the record places the *ad damnum* at "three hundred dollars," in words and not in figures, which might be misunderstood. The summons states the damages at the same figure. Leave was given to increase the *ad damnum* to $400 but that amendment was not made. The *ad damnum* is $300 and the judgment does not exceed it. Nor could defendant avail of that defect, if it existed, in the absence of an exception to the judgment.

The judgment is affirmed.

*Affirmed.*