## William Henion v. Joseph Vavrik, Guardian.

### Gen. No. 4,623.

1. TRIAL—*when errors occurring in, cannot be reviewed.* Errors occurring during a trial cannot be reviewed where the bill of exceptions does not show that the court overruled the motion for a new trial and does not contain an exception to the ruling of the court upon such a motion, nor any exception to the judgment of the court.

2. HOMESTEAD—*widow's right to contract with respect to.* A widow having a right of homestead cannot contract with respect thereto and bind the property for a longer period than her life.

3. DEMAND—*when not essential to maintenance of action for possession.* Demand is not necessary to the maintenance of an action to recover possession of real property where the right of possession has terminated by limitation.

4. AMENDMENT—*when becomes effective.* Leave to amend is ineffective, unless followed by actual amendment.

Forcible entry and detainer. Error to the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed April 20, 1906.

J. W. RAUSCH, for plaintiff in error.

CORNELIUS REARDON, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Joseph Balin bought and obtained a warranty deed for a lot in Coal City in Grundy County and occupied it with his wife and minor children as a homestead. He died and his widow and minor children continued to occupy it as a homestead. Afterwards the widow and minor children temporarily left the premises, and the widow died in a a hospital. William Henion was in possession of the prem-

ises. Joseph Vavrik was appointed guardian of said minor children, and brought suit as such guardian against Henion to recover possession. Afterwards leave of court was obtained to amend by making the minor children plaintiffs by Vavrik as their guardian. Neither the complaint nor the title of the cause on the docket of the Circuit Court where the case was pending were amended. There was a jury trial and a verdict and a judgment for the plaintiffs. This is a writ of error to review the judgment.

Henion testified that after the widow left the premises she made an oral agreement with him that he should occupy the property at $4 per month and apply the rent in payment of certain indebtedness she owed to other parties, which payments at the price for which the property rented would have carried Henion's control of the property beyond one year. The creditors were not parties to the agreement. Henion testified he had performed the contract so far. The court excluded his testimony on the ground, first, that he was not a competent witness against these plaintiffs suing as heirs; and second, that the oral arrangement of which he testified was void under the Statute of Frauds. Defendant had no other testimony, and the court directed a verdict for plaintiffs, which was rendered, and plaintiffs had judgment.

Defendant argues that plaintiffs were not entitled to recover, because no demand before commencing the suit was proved, and that the court erred in excluding his testimony. The bill of exceptions shows that defendant entered a motion for a new trial, but it does not show that the court overruled that motion, nor does it contain any exception to the ruling of the court upon that motion, nor any exception to the judgment of the court. This condition of the bill of exceptions leaves defendant in the position of acquiescing in the decision of the court on the motion for a new trial, under authorities cited by us in Hawley v. Huth, 114 Ill. App. 29. But no other result could have followed if defendant's testimony had been permitted to stand, or if defendant had had a contract in writing from the widow,

of the tenor to which he testified, for the widow only had a homestead and a dower right, and these rights expired with her death, and she had no power or authority to grant to defendant any rights beyond the period of her death. When she died every right she had or could have granted in the premises ceased. The minor children then became entitled to repossess themselves of their homestead estate, and defendant's right having terminated no demand for possession was necessary.

It was error to proceed to try the right of said minor children to possession, and to give them a judgment, without having the complaint actually amended, and the title of the cause in the Circuit Court amended; for leave to amend is not equivalent to an amendment, under Condon v. Schoenfeld, 214 Ill. 226, and other cases. But where, as here, the right of the successful party is clear, and the unsuccessful party has no defense thereto, and the same result must necessarily follow at another trial, and where, as here, the complaint states the names of the persons really entitled, and shows that the suit was originally brought for them, we are of opinion that the error does not require us to reverse. The judgment is therefore affirmed.

*Affirmed.*