We see no reason whatever to justify a reversal of the judgment. It must be affirmed.

*Judgment affirmed.*

---

ST. LOUIS, ALTON AND ROCK ISLAND R. R. Co. *et al.*
*v.*
JOHN COULTAS.

SAME
*v.*
ALEXANDER J. HAWK'S ADMR'S.

1. CONTRACTS — *whether joint or several.* A contract will be construed as joint or several according to the interests of the parties appearing upon the face of the obligation, if the words are capable of such a construction.

2. In these cases, the instrument sued upon was as follows: The railroad company acknowledged themselves bound unto certain persons named, nine in number, "according to their relative and respective several interests, in the penal sum of three thousand dollars, on this express condition, that the said railroad company shall, on the assessment of damages to be made to secure the right of way for said railroad, pay to the obligees, relatively and respectively, damages which may be assessed as aforesaid, then this bond to be void," &c. The instrument was held to be a several one, upon which each one of the obligees might sue.

3. MEASURE OF DAMAGES, *recoverable by each.* But while that instrument is held to be a several one, upon which each one of the obligees may severally sue, yet no one of them has a right to recover upon it more than his relative and respective share of the penalty. The obligees, in their several suits upon the instrument, are not to recover more than the three thousand dollars. If the damages assessed in favor of them all amount to more than the penalty of the instrument, each obligee can only recover his relative and respective share of that sum.

4. PLEADING — DECLARATION *by one of several obligees, upon a several instrument.* So, where one of the obligees sues upon such an instrument for his relative part of the damages, the extent of the interests of the other obligees should be alleged in the declaration, so that the relative and respective right of the party suing can be determined.

WRITS OF ERROR to the Circuit Court of Scott county; the Hon. DAVID M. WOODSON, Judge, presiding.

The defendants in error, respectively, instituted their actions of debt against the St. Louis, Alton and Rock Island Railroad Company, the name of which had been changed from that of the Rock Island and Alton Railroad Company, upon the following instrument:

"The Rock Island and Alton Railroad Company, principal, and David Skilling, Robert E. Haggart, William H. Wilson, F. T. Hale, securities, acknowledge themselves to be jointly and severally bound unto Alexander J. Hawks, John Gamon and Mary Ann Gamon, his wife, Robert Scathe, James Coultas, Hezekiah Evans, Hiram Kelly, John Coultas, and William G. Coy, according to their relative and respective several interests, in the penal sum of three thousand dollars ($3,000), on this express condition, that the said railroad company shall, on the assessment of damages, to be made to secure right of way for said railroad, pay to the obligees, relatively and respectively, damages which may be assessed as aforesaid, then this bond to

be void, otherwise to remain in full force, and effect. Given under our hands and seals, this 26th day of May, 1858."

The declarations allege the assessment of the damages of the plaintiff in each suit, and their non-payment by the company; but it is not averred that the damages of the other obligees have been assessed, nor is there any allegation in regard to the extent of their respective interests. Demurrers to the declarations were overruled, and judgments rendered for the plaintiffs. Thereupon the railroad company sued out these writs of error.

The assignment of errors presents the questions, *first,* whether the instrument sued upon is a several one, upon which each one of the obligees may severally sue; and, *second,* if that be so, whether it was not necessary that the extent of the interests of the other obligees should have been alleged in the declarations, so that it could have been determined what were the relative and respective rights of the plaintiffs.

Messrs HAY and CULLOM, for the plaintiffs in error.

In an action upon a bond, which upon its face expressly denotes the parties to it, the action must be between the parties to it, regardless of the conditions expressed in the defeasance, or the parties to be benefited by the condition of the bond. 1 Chitty's Pl. 3, 4.

In this case the suit is debt, upon the penal obligation for the payment of $3,000 by the obligors to the obligees "jointly" —the words, "according to their relative and respective several interests," do not, under the well settled rules of law, make the penalty sued for a several penalty to each, nor authorize a suit therefor by one of the obligees without joining the others.

It cannot be intended that this is a several bond to each of the obligees; that the sureties thereon would be liable to eight times the amount of the bond in several suits by the several obligees suing separately. The very language relied upon in the bond as authorizing a suit in the name of each obligee, contradicts this. The penalty of $3,000 was to all the obligees, but to be proportioned (as the sense of it must be) according to their respective several interests. Where the obligation is

to pay one sum to eight named persons, there can be no such thing as a several legal interest in that sum.

Two or more persons may bind themselves jointly and severally, according to the language of the bond; but a person cannot be bound to several persons severally, and therefore, if an obligation be made to two persons in the sum of $200, $100 to each of them, the part as to the payment is void, and the action upon the bond must be joint. Hurlston on Bonds, 96; Bacon's Abr., Ob. D. But a man may covenant with two severally, for that sounds only in damages. Bacon's Abr., Ob. D.

The rule in actions of covenant that a covenant will be construed to be joint or several, according to the interest of the parties appearing upon the face of the deed, if the words are capable of that construction, have no application to a case like this. In that class of cases, the covenant is directly for the performance of the act for the non-performance of which damages are claimed. But the direct form of the obligation here, is for the payment of a penalty, which may be avoided by the performance of the conditions in the bond, and thus indirectly through the penalty the performance of the conditions are secured. But there is no direct covenant for the performance of the conditions. By this obligation, the obligors bind themselves by a penalty of $3,000 *in solido* to the obligees, and this penalty cannot, at law, be apportioned or severed so as to give to the several obligees a right of suit for the portion appearing to be due him by the condition of the bond. The suit must be for the whole penalty by all the obligees. All the obligees must join as plaintiffs in bringing the action, if alive, and the presumption is, they are living, unless the contrary is alleged. Hurlston on Bonds, 96; Bacon's Abr., Ob. D.; *Wallis et al.* v. *Dilley*, 7 Md. 237; *Gayle et al.* v. *Martin et al.* 3 Ala. 593; *Strange* v. *Floyd*, 9 Gratt. 471; *Pearce* v. *Hitchcock*, 2 Comst. 388. See Justice BRONSON in this case on the *dictum* in *Ebbe* v. *Purdy*, 6 Wend. 631, 632; *Farni* v. *Fesson*, 1 Black (U. S.) 309.

But were this an action of covenant for the $3,000 penalty,

it could not lie.   It would so far as the penal obligation goes, be treated as a joint covenant with all the obligees; they are jointly interested in the penalty of the bond, although severally interested in the conditions of the bond.   *Buckner* v. *Hamilton*, 16 Ill. 487, and cases there cited.

Mr. ALBERT G. BURR, for the defendants in error.

The circumstances of each case and the situation and relation of the parties, and the nature of the consideration, are all to be looked into to ascertain who is really interested and who has sustained the damage arising from a breach of the contract, and whether such damage was joint or several.   Parsons on Contracts, vol. 1, pp. 14, 15, 16, 17, 18, with cases there cited.

The nature, and especially the entireness of the consideration, is of great importance in determining whether the promise be joint or several.   Id. 19, 20.

If the consideration moves from many persons jointly the promise of repayment is joint; but if from many persons, but from each severally, then it is several.   Id.

The consideration of this bond was permission to use lands for right of way for a railroad.   These lands were held by several persons, but each holding by separate and distinct title, as shown by declarations in the record; therefore the consideration "moved from many but from each severally" — and therefore action should be several.

Mere connection in an obligation, or even in an interest, will not make parties joint in law.   It is the identity of that interest which gives one the right to act for all, that constitutes them joint in law.   1 Parsons, 21, 2, 34.

As to right of several action see note C to Parsons on Contracts, vol. 1, p. 20.   Also, 8 Mass. 461, 462, and cases cited; 3 Caines' Cases, p. 54, and cases cited; Addison on Contracts, 946, and cases there cited; Chitty on Pleading, 10–12.

These obligees cannot be joint unless each is at the mercy of all the others as to release, satisfaction, &c., which is in derogation of all individual rights.   Case in 16 Illinois differs materially from this, as inspection will show.

Mr. Justice Beckwith delivered the opinion of the Court:

The questions presented for our determination in these cases are the same, and they will be considered together. The actions are debt, and are brought upon an instrument by which the defendants acknowledge themselves bound unto nine persons according to their relative and respective several interests, in the penal sum of three thousand dollars, which is conditional that the railroad company shall, on the assessment of damages to be made to secure the right of way, pay to the obligees, relatively and respectively, the damages which may be assessed as aforesaid. The declarations allege the assessment of the damages of the plaintiff in each suit, and the non-payment of the same by the railway company; but it is not alleged that the damages of the other obligees have been assessed, nor is there any allegation in regard to the extent of their respective interests. The obligees were severally the owners of different tracts of land over which the railway company were proceeding to condemn a right of way, and the obligation was given to secure to them such damages as might be assessed to them severally in the proceedings for condemnation. It is evident that the interest of the obligees was several. A contract will be construed as joint or several, according to the interests of the parties appearing upon the face of the obligation, if the words are capable of such a construction. 1 Black (U. S.) 309. The instrument sued upon expressly states that the interests of the obligees are several, and we think its words are capable of the construction of an obligation to the obligees severally. The defendants in terms oblige themselves to the obligees, according to their relative and respective interests, to the extent of three thousand dollars. But while we hold the instrument to be a several one, upon which each one of the obligees may severally sue, yet no one of them has a right to recover upon it more than his relative and respective share of the penalty. The declarations should have alleged the extent of the interests of the other obligees, and then it could have been determined what was the relative and respective right of the plaintiff. The

13 — 33D ILL.

.obligees in their several suits upon the instrument are not to recover more than the three thousand dollars. If the damages assessed in favor of them all amounted to more than the penalty of the instrument, each obligee can only recover his relative and respective share of that sum. The declarations do not show whether the plaintiffs were entitled to recover upon the instrument the whole amounts of their damages or a less sum. For this reason the demurrers should have been sustained. The judgments of the court below will be reversed, and the causes remanded.

*Judgments reversed.*