## WILLIAM H. PHILLIPS *et al.*

### *v.*

## THE SINGER MANUFACTURING COMPANY.

1. VARIANCE—*between instrument and that described.* Where a declaration, in an action of debt upon a bond payable to the Singer Sewing Machine Company and A B and C D, described the bond as made and executed to the sewing machine company alone, under the plea of *non est factum* it was *held*, there was a fatal variance.

2. PARTIES—*plaintiff at law.* Where a bond, upon its face, denotes the parties to it, the action must be between those parties, no matter what may be the terms of the defeasance. The suit must be brought in the names of all the obligees or payees.

3. SURETY—*extent of liability.* It is a familiar principle that the extent of the liability of a surety must be embraced in the obligation or contract, and must be construed strictly. The liability, if any, must arise from the contract, and can not be extended by implication. The responsibility of a surety for the acts of an agent continues so long as he acts as agent, and no longer.

4. Where an agent for selling sewing machines, who had given bond, with sureties, for his accounting and paying over all moneys, notes, etc., made a full settlement of the matters of his agency, and turned over all machines, etc., in his hands, and ceased to act as agent from that time, but afterwards bought some machines on his own account, giving his individual note for the price, it was *held*, that his sureties were not liable in a suit on his bond for the non-payment of such note.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. ROBERTS & GREEN, for the appellants.

Messrs. COHRS & RIDER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, on a bond with conditions, brought to the circuit court of Tazewell county, by the Singer Manufacturing Company, plaintiff, and against William H. Phillips, Lewis D. Lawton and Jeremiah B. Phillips, defendants.

It is averred in the declaration, that defendants made and delivered the bond to the plaintiff, whereby they, the said

defendants (the first named as principal and the others as sureties), acknowledged themselves to be held and firmly bound unto the plaintiff and Everhard & Harris, of Peoria, Illinois, in the penal sum of two thousand dollars, to be paid to the said plaintiff or Everhard & Harris, their representatives or assigns, upon the condition, that if they paid or caused to be paid any and every indebtedness or liability then existing, or which might thereafter, in any manner, exist or be incurred on the part of William H. Phillips to the plaintiff or to Everhard & Harris, whether such indebtedness or liability should exist in the shape of book accounts, notes, renewals or extensions of notes, or accounts, acceptances, indorsements or otherwise, waiving presentment, notice, etc., it is then averred that the defendants have not paid or caused to be paid all the indebtedness or liability thereafter existing on the part of said William H. Phillips to the plaintiff, in the shape of a note executed and delivered by William H. Phillips to the plaintiff, for four hundred and fifty dollars, dated Delavan, October 14, 1874, payable twelve months after date, to the Singer Manufacturing Company, payable at Smith Bros. & Co.'s bank, Delavan. The breach assigned is the non-payment of this note.

To the declaration the defendants pleaded *non est factum*, and two special pleas, the first alleging that the note sued on was executed by William H. Phillips in full satisfaction and discharge of all causes and rights of action in the declaration mentioned, and which plaintiff accepted in full satisfaction. The second special plea alleged, that on October 10, 1874, the defendants paid and delivered to plaintiff divers goods and chattels, in full satisfaction and discharge of all causes and rights of action in the declaration mentioned, which the plaintiff then and there accepted in such full payment and discharge. These pleas were traversed, and the issues, by agreement, were tried by the court without a jury. The court found for the plaintiff the debt in the declaration mentioned, being two thousand dollars, and four hundred and eighty-two dollars

and fifty cents damages, being the amount of the note and interest described in the declaration, and the costs. A motion for a new trial was denied, and this appeal is prosecuted to reverse this judgment.

Several points are made by appellants. The first is, the court should not have admitted the bond in evidence, on account of a variance between the bond described in the declaration and the one offered in evidence. The averment in the declaration is, that defendants made and executed their bond to "the Singer Manufacturing Company;" the bond offered in evidence is a bond executed to that company and Everhard & Harris, of Peoria, Illinois. In the declaration the Singer Manufacturing Company is alleged to be the sole obligee in the bond, whereas the bond shows that Everhard & Harris were joint obligees with that company, and the principle is well settled that all the obligees or payees having a legal interest must join in an action upon the instrument. Here the allegation and proof did not correspond. While the declaration alleged the bond as made payable to the Singer Manufacturing Company, the bond in evidence showed it was made not only to that company, but to Everhard & Harris, and they should have joined in the action. Where a bond, upon its face, denotes the parties to it, the action must be between the parties to it, no matter what may be the terms of the defeasance. It was error to admit this bond in evidence.

Another point is made by appellants : Is this note, which is found by the court the extent of the recovery as damages, a note on which the sureties in the bond are liable? It is a familiar principle, that the extent of the liability of a surety must be embraced in the obligation or contract, and must be construed strictly. The liability, if any, must arise from the contract, and can not be extended by implication. What, then, was the contract of the sureties, Lawton and Jeremiah B. Phillips? From the terms of the bond, we are obliged to infer they incurred a responsibility for William H. Phillips so long, and no longer, as he acted as agent, and in the busi-

ness of selling sewing machines on account of plaintiff. To discuss this point fully and understandingly, the ruling of the court in rejecting the depositions of William H. Phillips and Thomas R. Gooch, taken on behalf of defendants, must first be considered, in connection with the defendants' pleas.

The substance of those depositions is, that there was a final settlement between Phillips and the Singer Manufacturing Company through one Broome, as their agent, on October 10, 1874, at which time all the machines then on hand were turned over to one Smith, then acting as the agent of the company, but at the request of Smith were left at Phillips' office, in Delavan, to remain there until called for. Soon after that, Smith, the agent, wanted Phillips to buy these machines, which he agreed to do, he, the agent, agreeing to take the individual note of Phillips for their price, payable in twelve months after date. The note was executed, and is the one in suit, and bears date October 14, 1874, and is for the sum of four hundred and fifty dollars. This note was given after Phillips had ceased to be the agent of the company, he having ceased to be an agent on October 10, 1874, at which time a full settlement was made of all demands the company then had against Phillips. This agency was never renewed.

We are of opinion this testimony was legitimate under the issues. It would appear, from this testimony, that the execution of this note was a separate and independent transaction, for which these sureties are not liable. Suppose, instead of buying these machines of the agent, Smith, Phillips had bought a horse of him, or any other article of property, surely, Phillips' sureties would not be liable. It seems to us, the plain meaning of the contract is, that these sureties shall be responsible only for the acts of their principal while acting as an agent of the company. This note does not appear to have been given while Phillips was acting in that capacity.

We are of opinion, for the reasons given, the judgment should be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissenting.