THE INTERNATIONAL HOTEL COMPANY, Appellee, *vs.*
ANNIE F. FLYNN, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. BONDS—*when legal interest of obligees is joint—joint obligees must join in the suit.* Where a bond is made to two or more persons jointly, the legal interest of such obligees is joint notwithstanding the defeasance clause provides for the payment of money to one or more of the obligees "jointly or severally;" and if all the obligees are living at the time suit is brought on the bond they must join in the action.

2. SAME—*when the non-joinder of plaintiffs may be taken advantage of on appeal or error.* Where it appears on the face of the declaration that the bond, which is sued upon by one person only, is a joint bond, if the judgment is by default the defendant may take advantage of the non-joinder of plaintiffs upon appeal or writ of error.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

This is an action of debt commenced in the superior court of Cook county on two bonds, one for the sum of $500, dated April 29, 1905, and the other for $2000, dated June 5, 1905. The declaration contains but one count, and the bonds are not set out *in hæc verba* but are attached to the declaration as copies of instruments sued on. The declaration alleges that on April 27, 1905, one Bernard J. Flynn filed in the superior court of Cook county his bill of complaint against the International Hotel Company and C. M. Woodward, praying that they be enjoined from doing certain acts mentioned in said bill; that it was ordered a writ of injunction should issue upon bond being given according to law; that thereupon said Bernard J. Flynn gave bond, with Annie F. Flynn as surety; that said bond bears date April 29, 1905, in which the said Bernard J. Flynn and

Annie F. Flynn acknowledged themselves bound unto said International Hotel Company and C. M. Woodward in the sum of $500, upon the condition that if the said Bernard J. Flynn and Annie F. Flynn should well and truly pay the International Hotel Company and C. M. Woodward all such costs and damages as should be awarded to any one or more of the defendants in said bill of complaint, jointly or severally, against the complainant in case the said injunction should be dissolved, then said obligation should be null and void; that thereafter a writ of injunction was issued enjoining said International Hotel Company and C. M. Woodward from doing said acts complained of until the further order of the court; that the said writ was duly served, and afterwards such proceedings were had in said cause that on May 20, 1905, it was decreed that said injunction be dissolved at the cost of said Bernard J. Flynn. The declaration further alleges an appeal was prayed from said decree dissolving the injunction to the Appellate Court for the First District, and it was prayed that said injunction continue in force, pending said appeal, until the final hearing thereof, which prayer was allowed and said injunction ordered to continue in force upon said Bernard J. Flynn giving further bond; that thereupon said Bernard J. Flynn gave bond in the sum of $2000, with Annie F. Flynn as surety; that said bond was dated June 5, 1905, in and by which said parties acknowledged themselves bound unto the said International Hotel Company and C. M. Woodward upon the condition that if the said Bernard J. Flynn and Annie F. Flynn, or either of them, should well and truly pay or cause to be paid the said International Hotel Company and C. M. Woodward all such costs and damages as should be awarded to any one or more of said defendants therein, jointly or severally, against the said Bernard J. Flynn in case the said injunction should upon a final hearing of said bill be dissolved, then said obligation to be null and void. The declaration alleges that such proceedings

were had in the Appellate Court that on the 12th day of October, 1905, the said appeal was dismissed at the costs of said Bernard J. Flynn, and that thereafter, on January 28, 1907, it was decreed by the said superior court that the said Bernard J. Flynn should pay to the International Hotel Company the sum of $1888 damages and $350 costs, and that said decree was not appealed from; that neither the said Bernard J. Flynn nor Annie F. Flynn has paid the said International Hotel Company said costs and damages, whereby an action has accrued, and the International Hotel Company has demanded from the said Annie F. Flynn the said sum of both writings obligatory, aggregating the sum of $2500; that she refuses to pay said sum or any part thereof, to the damage of the International Hotel Company of $2500.

Personal service was had on appellant, and on April 5, 1907, judgment by default was entered in favor of appellee, the International Hotel Company, against appellant, in the sum of $2500 debt, to be discharged upon the payment of $2238 damages and the costs of suit. A writ of error was sued out of the Appellate Court for the First District to review said judgment. The Appellate Court affirmed the judgment of the superior court, and the case is brought to this court by appeal.

JOHN A. IRRMANN, for appellant:

Where a bond, upon its face, denotes the parties to it the action must be between those parties, no matter what may be the terms of the defeasance. The suit must be brought in the names of all obligees or payees. *Phillips* v. *Singer Manf. Co.* 88 Ill. 305; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 123; *Cummings* v. *People,* 50 id. 132; *Rainer* v. *Smizer,* 28 Mo. 310; *Yell* v. *Snow,* 24 Ark. 554; *Wallis* v. *Dilley,* 7 Md. 237.

The action must be brought in the name of the person or persons in whom the legal interest is vested. *Phillips* v.

*Singer Manf. Co.* 88 Ill. 305; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 123; *Dix* v. *Insurance Co.* 22 id. 272; *Larned* v. *Carpenter,* 65 id. 543; 2 Greenleaf on Evidence, sec. 110, and authorities cited.

This is true though only one of the obligees of a bond is entitled to the benefits from an action thereon.   1 Chitty's Pl. 2, 3; *Gardner* v. *Armstrong,* 31 Mo. 535; *Wallis* v. *Dilley,* 7 Md. 237; *McLeod* v. *Scott,* 38 Ark. 72.

The defects in the declaration may be taken advantage of either upon demurrer, motion in arrest of judgment or upon appeal or writ of error. *Cummings* v. *People,* 50 Ill. 132; *Dalson* v. *Bradberry,* 50 id. 82; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 123; 12 Ency. of Pl. & Pr. 186; 2 Greenleaf on Evidence, sec. 110, and authorities cited; *Holyoke* v. *Loud,* 69 Me. 59; *Cabell* v. *Vaughan,* 1 Saund. 291; 1 Chitty's Pl. 12a; *Farni* v. *Teson,* 66 U. S. 309; *Hicks* v. *Branton,* 21 Ark. 186; *Swicgart* v. *Berk,* 8 S. & R. 307.

GOLDZIER, RODGERS and FROEHLICH, for appellee:

The suit was brought in the name of the proper plaintiff. Dicey on Parties to Actions, rule 14; *Railroad Co.* v. *Coultas,* 33 Ill. 188; *Safford* v. *Miller,* 59 id. 205; 1 Chitty's Pl. 8, 10.

The declaration in one count on both bonds is proper, and, moreover, cannot be complained of on writ of error. *Franey* v. *True,* 26 Ill. 184; *Kipp* v. *Bell,* 86 id. 577; *Railway Co.* v. *Ingraham,* 131 id. 659; *Fournier* v. *Faggott,* 3 Scam. 347; *Godfrey* v. *Buckmaster,* 1 id. 447; *Brady* v. *Spurck,* 27 Ill. 478; *Coal Co.* v. *Peers,* 150 id. 344; *Coal Co.* v. *Dielie,* 208 id. 116.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant insists that it appears from the declaration that the appellee and C. M. Woodward were joint obligees, and the action being brought by only one of said joint ob-

ligees the judgment is erroneous. On the other hand, appellee contends that as the condition of the bonds provided that the obligors would pay to it, the International Hotel Company, and C. M. Woodward, "all such costs and damages as shall be awarded to any one or more of said defendants, jointly or severally," the interest of each of the parties against whom the injunction issued was several, and that each could sue in a separate action for damages sustained by the parties, respectively. The rule stated in Dicey on Parties to Actions (rule 14) is: "A contract will be construed to be joint or several according to the interests of the parties, if the words are capable of that construction or even not inconsistent with it. If the words are ambiguous it will be joint if the interests are joint, and it will be several if the interests be several." By the bonds sued on in this case the obligors bind themselves to pay to appellee and C. M. Woodward $500 and $2000, the condition being that if the principal in the bond, who was complainant in the injunction suit, should not sustain the injunction, either he or his surety would pay to the obligees the costs and damages that might be awarded one or more of the obligees, jointly or severally, and such payment should discharge the obligation. It does not appear from the declaration what the respective interests of appellee and C. M. Woodward were in the litigation in which the injunction was issued, but by the terms of the bond their legal interests were joint, as obligees. The fact that the bond provided that the obligors would pay such damages as might be awarded the obligees, jointly or severally, did not make the legal interests of the parties in the obligation several.

In *Emery* v. *Hitchcock,* 12 Wend. 156, the suit was upon a sealed instrument between Emery and Martin, parties of the first part, and Hitchcock and Hart, parties of the second part. The instrument related to the settlement of partnership affairs of Emery and Hitchcock, and contained an agreement that they would submit certain matters to ar-

bitration and abide by the award.  The arbitrators made an award in favor of Emery, and this not being paid, suit was begun in the name of Emery and Martin to recover upon the written instrument.  The point was made that as Emery alone was interested the action could not be maintained in the name of Emery and Martin.  The court said: "There is no doubt that an action on the contract, whether by parol or under seal, must be brought in the name of the party in whom the legal interest in such contract is vested, and that when the legal interest and cause of action of the covenantees is several each may sue separately for his particular demand, although the words of the covenant or agreement are joint and not several.  But the legal interest of a party in the contract or covenant, and the benefit to be derived from or under it, are very different things and must not be confounded."  After citing and analyzing *Anderson* v. *Martindale,* 1 East. 500, to illustrate the distinction made, the court further said: "As was said in the above case in reference to one of the parties there, the only interest here which Martin has in the agreement is to see that the defendants have fulfilled their covenants, which are for the benefit of his co-covenantee.  This interest is joint and not several, as is the case where one covenants with A and B and each of them to perform two things, one of them for the benefit of A and the other for the benefit of B."

In *Tylee* v. *McLean,* 10 Wend. 374, the action was upon a lease in which the lessors, Tylee and Dempsy, jointly leased the premises to the defendants, the lessees obligating themselves to pay to the lessors $600 annual rent in quarterly payments, one-half thereof to be paid to each of the lessors.  It was claimed by defendants that under the terms of the lease there was no joint cause of action to the lessors. but that each was entitled to a separate action to recover his share of the rent.  The court held that although the rent was to be paid to the lessors in separate moieties, their interest in the subject matter of the contract was joint and the

2 38 — 4 1

suit was properly brought by them jointly. This rule is, in effect, announced in *Phillips* v. *Singer Manf. Co.* 88 Ill. 305, where it was said: "Where a bond upon its face denotes the parties to it the action must be between the parties to it, no matter what may be the terms of defeasance."

In *Farni* v. *Tesson,* 1 Black, 309, the suit was brought by one of several obligees, the declaration alleging the death of one and the want of interest in the others. In that case there was a judgment for the plaintiff and the judgment was reversed for the reasons stated in the opinion. The court said: "The condition of the bond is no part of the obligation. It is true, the judgment for the penalty will be released on the performance of the condition annexed to it. * * * He (plaintiff) sues on a several covenant to pay a sum of money to A, and shows a covenant to pay A, B and C, jointly. * * * If, by the condition, the money to be recovered be not for the joint benefit of all, the suggestion of that fact cannot alter the obligation, but will show only that although all the parties to it should join in the suit and show a legal title to recover, the judgment will be for the use of the party named in the condition and equitably entitled to the money. * * * It is an elemental principle of the common law that where a contract is joint and not several all the joint obligees who are alive must be joined as plaintiffs, and that the defendant can object to a non-joinder of plaintiffs not only by demurrer but in arrest of judgment, under the plea of the general issue. Where there are several covenants by the obligors, as, for instance, 'to pay $300 to A and B, viz., to A $100 and B $200,' no doubt each may sue alone on his several covenant. The true rule, as stated by Baron Parke, is, that 'a covenant may be construed to be joint or several, according to the interests of the parties appearing upon the face of the obligation, if *the words are capable of such a construction;* but it will not be construed to be several by reason of several interests, if it be expressly joint.' In this case the covenant is joint

and will admit of no construction. The condition annexed cannot affect the plain words of the obligation."

The obligation sued upon in *St. Louis, Alton and Rock Island Railroad Co.* v. *Coultas*, 33 Ill. 188, was unlike the one involved in this case. There the railroad company gave a bond to several different land owners, naming them, "according to their relative and respective several interests, in the penal sum of $3000." The condition of the bond was that the railroad company should, in the assessment of damages to be made to secure its right of way, "pay to the obligees, relatively and respectively, damages which may be assessed as aforesaid." After the assessment of damages some of the obligees brought separate suits on the bond to recover the respective amounts assessed to them. It will be seen that the obligation did not run to the obligees jointly but to each of them separately, according to the interest he had in the subject matter, and this court held that the interest of the obligees was several and the bond a several obligation to the obligees. The judgments in favor of the plaintiffs, however, were reversed in this case because there was no allegation in the declaration that the damages of the other obligees had been assessed, nor any allegation in regard to the extent of the interest of the other obligees. The court held such allegations necessary, for the reason that if the damages assessed in favor of all the obligees amounted to more than the penalty of the bond, each obligee could only recover his respective share of that sum.

In *Philadelphia, Wilmington and Baltimore Railroad Co.* v. *Howard*, 13 How. 307, it was said: "It is settled that if one of two covenantees does not execute the instrument he must join in the action, because, whatever may be the beneficial interest of either, their legal interest is joint, and if each were to sue, the court could not know for which to give judgment. (*Slingsby's case*, 5 Coke, 18*b*; *Petrie* v. *Bury*, 3 B. & C. 353.) And the rule has recently been carried so far as to hold that where a joint covenantee had

no beneficial interest, did not seal the deed and expressly disclaimed under seal, the other covenantee could not sue alone."

The rule appears to be, that where an obligation is made to two or more persons jointly, but in the defeasance provides for its discharge upon the payment of a sum of money to one of them, the legal interest in the obligation is joint, and if the obligees are living at the time suit is brought they must join in the action. The fact that the defeasance in the bond provides for separate payments to the obligees does not change the legal interest in the obligation. In Chitty on Pleading (vol. 1, p. 9,) it is said: "So, if a party covenant to and with A and B to pay an annuity to A, this vests a joint legal interest in A and B, although the former is to derive the sole benefit, for only one duty or act was to be performed and there could not be a separate legal interest therein."

We are of opinion the bonds sued on were joint obligations to the obligees. This appears upon the face of the declaration, and the suit having been brought by one of the obligees only, may be availed of on error even where the judgment was by default. *Cummings* v. *People,* 50 Ill. 132.

The judgment of the Appellate Court and of the superior court of Cook county will be reversed and the cause remanded to the superior court.

*Reversed and remanded.*