# CASES

## THIRD DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1917.

Mason & Trent Brothers, Appellees, v. William Neal, Appellant.

1. APPEAL AND ERROR, § 801*—*when bill of exceptions unnecessary.* A bill of exceptions is unnecessary on questions raised by demurrer to a plea or to a declaration.

2. JUDGMENT, § 102*—*when order of default improper.* An order of a defendant's default is not proper where he is present and contesting the case.

3. JUDGMENT, § 102*—*when of nil dicit proper.* Where a defendant refuses, after a demurrer to his plea is sustained, to plead further, the proper judgment is *nil dicit.*

4. APPEAL AND ERROR—*when order of defendant's default harmless error.* An order of a defendant's default after his refusal to plead further, upon sustaining of a demurrer to his plea, *held* to be erroneous, but an informality and harmless error.

5. APPEAL AND ERROR, § 670*—*what is effect of filing appeal bond.* After the filing of an appeal bond, a trial court has no right to make any further orders in the case without first setting aside the order for appeal and approval of the bond.

6. PLEADING, § 459*—*when demurrer to declaration waived.* Filing of a plea after overruling a demurrer to the declaration, *held* to waive the demurrer.

7. PLEADING, § 459*—*when demurrer waived.* A demurrer is waived where the party does not abide by his demurrer but pleads

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(538)

over, unless substantial defects in the declaration exist such as to render it insufficient to sustain a judgment after verdict.

8. PLEADING, § 204*—*when demurrer to plea not carried back to declaration.* A demurrer to a plea will not ordinarily be carried back to the declaration where a demurrer to the declaration has been overruled.

9. PLEADING, § 204*—*when demurrer to plea carried back to declaration.* A demurrer to a plea will be carried back to the declaration where the declaration does not set out a cause of action on which a judgment can be sustained.

10. PLEADING—*when duty of court to correct erroneous rulings.* It is the duty of a trial court at any time before trial, when it becomes satisfied an erroneous ruling has been made with respect to the sufficiency of a pleading, promptly to set aside the order and correct the error.

11. BONDS—*when interest of obligees is joint.* Where a bond is made to two or more persons jointly, the legal interest of such obligees is joint notwithstanding the defeasance clause provides for payment of money to one or more of the obligees jointly and severally.

12. BONDS, § 28*—*when all obligees must join in action on bond.* All obligees must join in an action on a bond made to two or more persons jointly, notwithstanding the defeasance clause provides for payment to one or more of such obligees jointly and severally.

13. BONDS, § 32*—*when declaration in action on bond insufficient.* In an action upon a bond given to secure liens, a statement in the declaration that "plaintiffs had a lien," *held* insufficient to state a cause of action, as it is merely a conclusion, and facts should be stated from which it can be seen that plaintiffs had a lien.

14. BONDS, § 32*—*what should be averred in action by one lienholder on bond given to secure liens.* In an action by one lienholder on a bond given to secure liens, the declaration should aver the interest of other lienholders, so it can be determined what, if any, plaintiff is entitled to recover.

15. APPEAL AND ERROR, § 1170*—*when propositions not involved not considered.* The Appellate Court will not anticipate in its opinions propositions not at the time involved in the case.

Appeal from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

S. F. Schecter, for appellant.

Swallow & Bookwalter, for appellees.

Mr. Presiding Justice Thompson delivered the opinion of the court.

Mason and Trent Brothers began a suit in the County Court of Vermilion county against William Neal, and on October 22, 1914, filed a declaration in debt, which avers that on July 28, 1913, one "John N. Fairchild entered into a contract with the school directors of School District No. 132 of the County of Vermilion, and State of Illinois, for the construction of a school building in said school district, which said contract is in words and figures as shown by exhibit A, hereto attached, and made a part of this declaration." It also avers that on October 13, 1913, John N. Fairchild and the defendant William Neal then and there by their writing obligatory acknowledged themselves to be bound to said school directors, by the name and description of "the Board of Education, as well as to all persons who may become entitled to liens under said contract, heretofore mentioned, in the sum of $13,195.00, which said bond is in words and figures as shown by exhibit B, hereto attached"; that said writing obligatory was and is subject to a condition of defeasance thereunder written that said Fairchild would complete said building free from mechanics' liens and that said bond would protect all persons who might become entitled to liens under said contract, which said bond was conditioned upon the carrying out of said contract by said Fairchild.

"Plaintiffs further aver that said Fairchild did not deliver said building free of mechanics' liens, and for assigning a breach of the condition of said writing obligatory the plaintiffs say they did on to-wit: file claims for a lien with the said school directors of School District No. 132 under section 23 of an Act

entitled," etc., and "the plaintiffs have a claim for a lien in the amount of, to-wit: $700, which the said board of directors has not the money to pay."

"Plaintiffs further aver that the said William Neal has not paid to said plaintiffs the said sum of, to-wit: $700, in accordance with the terms of said writing obligatory," but has neglected, etc., whereby an action has accrued to plaintiffs to demand said sum of $13,195, yet the defendant though often requested has not paid said sum to the damage of plaintiffs of $700.

Exhibit A is a contract between Fairchild "and Board of Education, Oakwood, Illinois, owners, parties of the second part"; to erect a school building for "the Board of Education of the School District No. 132 in the Town of Oakwood, County of Vermilion, State of Illinois." It is signed by Fairchild and C. C. Andrews, Clk., S. C. Sailor and Delbert Meade.

Exhibit B is a bond made by Fairchild and Neal of the City of Danville, County of Vermilion, State of Illinois, "unto Board of Education of said County and State as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned." Exhibit B is not made a part of the declaration.

The defendant, on January 4, 1915, during the November term, filed a general and special demurrer to the declaration, which was overruled on February 26, 1915, at the February term of said court. On April 15, 1915, the defendant filed seven pleas. The plaintiffs filed a general and special demurrer to all the pleas. On June 11, 1915, at the June term, during the hearing on the demurrer to the pleas, the defendant entered a motion to carry the demurrer back to the declaration. The court on that day sustained the demurrer to the second, third, fourth, fifth and sixth pleas, and on July 13th also sustained the demurrer to the first plea, and overruled it as to the seventh. Thereupon the defendant withdrew the seventh plea.

The court then overruled the motion of defendant to carry the demurrer back to the declaration. The defendant on July 13, 1915, refusing to plead further, was defaulted, evidence was heard and judgment entered in debt on the bond, and plaintiffs' damages assessed at $700. The defendant prayed and perfected this appeal. The appeal bond was filed and approved August 4, 1915.

. Later, on September 18, 1915, during the June term, the record of February 26th was, on motion of the defendant, amended to show that the defendant elected to stand by his demurrer to the declaration, and the record of June 11th was also amended by adding to the order then entered, ''and the motion of defendant to carry demurrer back to the declaration is overruled to which ruling the defendant excepts and elects to stand by his demurrer,'' and the record of July 13th was also amended by adding the words the defendant ''elects to stand by his demurrer.''

Among the errors assigned by defendant are: The court erred (1) in overruling defendant's demurrer to the declaration; (2) in sustaining plaintiff's demurrer to his first to sixth pleas; (3) in refusing to carry the plaintiffs' demurrer to the pleas back to the declaration; (4) in ordering the defendant defaulted; and (5) in ordering a bill of exceptions.

On questions raised by demurrers to the pleas and to the declaration a bill of exceptions was unnecessary (*Alley v. McCabe,* 147 Ill. 410; *Esmond v. Esmond,* 142 Ill. App. 233), but defendant undoubtedly asked for one, or the court would not have given him time within which to file one. Whether a bill of exceptions is necessary to save the question of the propriety of the ruling on the motion of appellant to carry the demurrer to the pleas back to the declaration has not been argued, and we express no opinion concerning it.

The order of default was not proper when the defendant was present contesting the case. When the

defendant refused to plead further, the judgment should have been *nil dicit,* but the error was simply an informality and harmless.

After the judgment was entered herein and the defendant had prayed an appeal, and had filed his appeal bond and it had been approved, the court on motion of defendant amended the record. The appeal was pending as soon as the bond had been filed and the trial court had no further jurisdiction over the case. It had no right to make any further orders in the case without first setting aside the order for the appeal together with the approval of the bond. *Finkelstein v. Lyons,* 250 Ill. 27; *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526. The plaintiffs, however, have not raised any question of the propriety of this appeal but have argued the case on its merits.

When the defendant filed pleas, after his demurrer had been overruled, he waived his demurrer. A party waives his demurrer and may not assign error upon the action of the court in overruling it, when he does not abide by the demurrer but pleads over, unless there are such substantial defects in the declaration as will render it insufficient to sustain a judgment after verdict. *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100; *Heimberger v. Elliot Frog & Switch Co.,* 245 Ill. 448; *Phenix Ins. Co. v. Belt Ry. Co. of Chicago,* 182 Ill. 33; *People ex rel. Coggeshall v. Walker Opera House Co.,* 249 Ill. 106.

It is also the rule that ordinarily a demurrer to a plea will not be carried back to the declaration, where a demurrer to the declaration has been overruled, because by pleading over the party waived his demurrer. (*Fish v. Farwell,* 160 Ill. 236.) The demurrer may be carried back, however, when the declaration does not set out a cause of action on which a judgment can be sustained. *People v. City of Spring Valley,* 129 Ill. 169. The court has the power, and it is the duty of the trial court at any time before trial, when it becomes

satisfied that an erroneous ruling has been made with respect to the sufficiency of a pleading to promptly set aside the order and correct the error. *Fort Dearborn Lodge v. Klein,* 115 Ill. 177; *Dowie v. Priddle,* 216 Ill. 553. By the record, however, as finally amended, the defendant abides by his original demurrer to the declaration.

The declaration avers that Fairchild and defendant acknowledged themselves to be bound to said school directors by the name, style and description of the Board of Education as well as to all persons who may become entitled to liens under said contract. The contract which is a part of the declaration is between Fairchild and the "Board of Education, Oakwood, Illinois, owners." The bond recites: "That we, J. N. Fairchild and William Neal, of the City of Danville, County of Vermilion, State of Illinois, are held and firmly bound unto Board of Education of said County and State as well as to all persons who may become entitled to liens." The bond sued upon, and which is attached to the declaration, read by itself, names as obligees the "Board of Education of said County and State as well as to all other persons who may become entitled to liens under the contract hereinbefore mentioned." Without expressing any opinion as to what Board of Education or body politic is the obligee, it is clear that some Board of Education, or school district, is an obligee in the bond, and such obligee is a necessary party.

Where a bond is made to two or more persons jointly, the legal interest of such obligees is joint notwithstanding the defeasance clause provides for payment of money to one or more of the obligees jointly and severally, and, if suit is brought on the bond, all the obligees must join in the action. *International Hotel Co. v. Flynn,* 238 Ill. 636; *St. Louis, A. & R. I. R. Co. v. Coultas,* 33 Ill. 188; *Phillips v. Singer Mfg. Co.,* 88 Ill. 305.

The declaration does not aver that plaintiffs furnished any material or labor under any contract with the original contractor, or with the knowledge of the owner, whereby they became entitled to any lien, or that they served any notice on the officials of any school district before payment was made to the contractor. Not a single fact is stated from which it can be seen that plaintiffs did anything or furnished anything that was used in carrying out the contract to secure the completion of which the bond sued on was given. The statement that "plaintiffs had a lien" is merely the statement of a conclusion. The facts should be stated from which it can be seen that plaintiffs have a lien.

If there are lien holders in addition to plaintiffs who are entitled to recover on the bond sued upon, the declaration should aver the interest of the other lien holders so that it can be determined what, if any, plaintiffs are entitled to recover. The obligees are not entitled to recover altogether more than the penalty of the bond. Plaintiffs also inquire if there are several lien holders what kind of a judgment is to be entered. This court has answered all the questions presented for review and will not anticipate propositions not at present involved.

The court erred in overruling the demurrer. The judgment is reversed and the cause remanded with directions to the trial court to sustain the demurrer to the declaration.

*Reversed and remanded with directions.*