## JENS-MARIE OIL CO. v. RIXSE et al.

No. 9550—Opinion Filed Dec. 31, 1918.

Rehearing Denied Feb. 25, 1919.

(178 Pac. 658.)

(Syllabus.)

**Husband and Wife — Oil and Gas Lease — Joint Obligation—Payments of Rentals.**

Where the husband and wife execute an oil and gas lease as "parties of the first part, as the interest of the lessors may appear," under the terms of which the rentals are to be paid "to the parties of the first part," and which lease contains no provision defining the interests of the lessors, they are joint obligees, and payment of the rentals to the wife discharges that obligation, notwithstanding the record title to the land is in the husband.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by J. A. Rixse and others against the Jens-Marie Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to enter judgment for defendant.

L. A. Maris and W. H. England, for plaintff in error.

Claude Duval and Prichard & Allen, for defendants in error.

OWEN, J. This action was brought by the defendants in error, in the district court of Kay county, to cancel an oil and gas lease for nonpayment of rentals; was tried by the court, and judgment rendered canceling the lease. The lease was executed by J. A. Rixse and Minnie Rixse, his wife, and provides for the payment of rentals, and that a failure to make such payments within ten days after due shall render the lease null and void. There was a payment due the 1st day of October, 1915, but was not made until the 16th day of October, and then to Minnie Rixse. On November 13th, the amount received was tendered back to the oil company, and this action instituted soon thereafter.

The question necessary for determination is whether the payment to Minnie Rixse, more than ten days after the due date, was binding upon J. A. Rixse, and sufficient to prevent a forfeiture of the lease. It is the contention of plaintiff in error that J. A. Rixse and Minnie Rixse were joint obligees, and payment to Minnie Rixse discharged the obligation to both. Defendants in error admit that the wife, under the terms of the lease, was a joint payee in the rentals, and that she had authority to accept same so long as they were paid in accordance with its terms and within the time mentioned in the lease, but insist that she had no authority to accept the rentals after the due date. The general rule seems to be that payment to either of two joint obligees extinguishes the obligation. 21 R. C. L. § 24; 30 Cyc. p. 1183; Wright v. Ware, 58 Ga. 150; Allen v. So. Penn. Oil Co., 72 W. Va. 155, 77 S. E. 905.

The premises leased were occupied by J. A.

Rixse and Minnie Rixse as their homestead, but the record title was in the husband. It is urged by defendants in error that the oil company was chargeable with notice, by reason of this record, that Minnie Rixse, the wife, had no more than a homestead interest in the premises, and for this reason her acceptance of the rentals after the due date would not bind J. A. Rixse who was as they say, the real party in interest in the lease.

The lease contains the language, "as the interest of the lessors may appear," but nowhere in the lease does any language appear defining the interest of the lessors or refuting the presumption that it is a joint interest. The lease refers to them as "parties of the first part," and provides for the payment of rentals, "to the first parties." Elliott on Contracts, § 1470, defines a joint contract to be one by which two or more promisors are jointly bound to fulfill its obligations, or by which two or more obligors are given a joint right. And in section 1472 of this work it is said:

"When two or more persons assume a contractual obligation or are given a right, it is presumed to be a joint obligation or a joint right in the absence of anything to show a different intention or a statutory enactment changing the rule."

In the case of Capen v. Barrows, 1 Gray (Mass.) 376, it was held where the covenant is, in its terms, expressly joint, the covenantees must join in an action upon the covenant, although as between themselves their interest is several. In the case of Internat. Hotel Co. v. Flynn, 238 Ill. 636, 87 N. E. 855, 15 Ann. Cas. 1059, it was held that a covenant may be construed to be joint or several according to the interest of the parties appearing upon the face of the obligation, if the words are capable of such construction, but will not be construed to be several by reason of several interests, if it be expressly joint. In P. W. & B. R. Co. v. Howard, 54 U. S. (13 How.) 307, 14 L. Ed. 157, it was held that all covenantees must join in an action because whatever may be the beneficial interest of either their legal interest is joint, and if each were to sue, the court could not know for which to give judgment.

The terms of this lease are expressly joint in designating J. A. Rixse and Minnie Rixse parties of the first part, and providing for payment of the rentals to the parties of the first part. Following the phrase, "as the interest of the lessors may appear," a provision might have been inserted defining the interests of the two parties of the first part. It might have been made to appear that the husband owned one portion of the tract of land and his wife another, or that she owned no interest whatsoever in the premises. But there is no such provision in the lease. On the contrary, their interest appears joint so far as the terms of the lease are concerned, and it is not claimed that the oil company ever had any notice not to pay the rentals to the wife, or that she was not jointly interested in the lease.

In the case of Allen v. Penn Oil Co., supra, the wife was the owner of the fee, and was joined by her husband in a conveyance to the oil and gas company. After the wife's death payment was made to the husband. The heirs of the mother brought suit to declare forfeiture for a failure to make the payment to the mother. The husband and wife were held to be joint obligees, and the payment to the husband discharged the obligation. It was said:

"But the $500 was unpaid purchase money for land conveyed by the husband and wife jointly; it was payable, by the terms of the deed, to the 'grantor.' That constituted Mary N. Allen and her husband joint obligees, * * * And it is a well-settled rule that payment to one only of several joint obligees discharges the debt."

In that case the payment was made within the time specified, and for that reason counsel endeavor to distinguish this case. The obligee is none the less a joint obligee after the due date, and to say that Minnie Rixse had a right to accept the rentals on the day they were due, but had no right to accept them thereafter, is equivalent to saying that she was not a joint obligee and had no enforceable right under the contract. Certainly no cause of action would arise to either obligee until there was a default, and if her rights ceased when there was default, then she could not join in an action to recover the rentals or to enforce the lease. That would be to say that she never, at any time, had any right under the lease. Our attention has not been called to any authority supporting the proposition that the wife ceased to be a joint obligee on the day the payment was due.

It is admitted in the briefs this is the decisive question, and we deem it unnecessary to decide the other questions raised by plaintiff in error.

The judgment of the lower court is reversed, and the cause remanded, with directions

to enter judgment for plaintiff in error, defendant below.

All the Justices concur.