(No. 14164.—Judgment affirmed.)
WILLIAM B. BAKER, Appellant, *vs.* JAMES PETERSON,
. Appellee.

*Opinion filed December 22, 1921.*

1. BONDS—*contract of surety must be strictly construed.* Sureties are favored in law, and the contract of a surety must be strictly construed and cannot be extended by implication beyond the precise terms of the undertaking.

2. SAME—*when joint obligees cannot sue separately on injunction bond.* Where a complainant applies for an injunction to stop suits against him by different parties having separate interests and makes said parties joint obligees in the bond given to cover damages in case the injunction is dissolved, one of the obligees cannot maintain a separate action against the surety on the bond even though the injunction has been dissolved as to him alone, and even though the condition of the bond provides for its discharge upon the payment of damages awarded to any one or more of the obligees, "jointly or severally."

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

C. W. GREENFIELD, for appellant.

CHARLES S. DENEEN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was brought by appellant, Baker, in the municipal court of Chicago on an injunction bond executed by Eline M. Jensen and Mary Vangsgaard as principals and James Peterson as surety, for the recovery of damages for the wrongful suing out of an injunction. There was a judgment in the municipal court for defendant Peterson, who alone defended the suit. That judgment was affirmed by the Appellate Court and a certificate of import-

ance granted, upon which a further appeal is prosecuted to this court.

The undisputed facts are, that in February, 1913, appellant leased to Jensen and Vangsgaard a moving picture theater for a period of five years at $150 per month. They operated the theater for a time and then sold it to Walter Prather and Elmer J. Prather, who took possession, operated the theater for a while and abandoned it. They brought suit in the municipal court against Jensen and Vangsgaard to recover the money paid by them for the theater. Rent was paid appellant up to November, 1914, when Jensen and Vangsgaard refused to pay further rent, and appellant brought two suits against them and obtained two judgments, for $170 each. Executions were issued, placed in the hands of the bailiff for collection, and while they were still in his hands and the suit of the Prathers was still pending, Jensen and Vangsgaard filed their bill in the superior court for an injunction to restrain appellant from collecting his judgments and from instituting any further suits for rent and also to restrain the Prathers from prosecuting their suit. The writ of injunction was granted as prayed, without notice. Jensen and Vangsgaard gave bond, with appellee, Peterson, as surety, in the penal sum of $1000. Appellant filed a cross-bill in the injunction suit to recover the balance due him as rent under the lease. Upon a final hearing the bill was dismissed as to appellant and the injunction as to him dissolved. The decree found there was due appellant from Jensen and Vangsgaard for rent $2912.72 in addition to his two judgments against them. The bill was sustained as to the Prathers and the injunction against them made perpetual. At the time the judgments were recovered by appellant, Jensen owned property worth $8000, incumbered for $5000, and while the injunction was in force she further incumbered it for $500 and then conveyed it to her daughter, who before the dissolution of the injunction conveyed it to James McCormick. Appellant's two exe-

cutions referred to, and an execution on the superior court decree for $2912.72, were all returned "no property found and no part satisfied." The injunction bond recited the filing of the bill by Jensen and Vangsgaard against appellant and the Prathers to enjoin appellant from levying his executions or instituting further suits to collect rents and the Prathers from prosecuting their suit against complainants; that the injunction had issued upon complainants giving bond as required by law. The bond was conditioned that Jensen and Vangsgaard shall pay appellant and the Prathers "all such costs and damages as shall be awarded to any one or more of said defendants, jointly or severally, against the said complainants in case the said injunction shall be dissolved." The statement of claim alleges appellant is entitled to recover on the injunction bond his two judgments for rent and also additional sums for rent which accrued and for which he might have brought suit, obtained judgments and levied executions but for the injunctions, up to the full penalty of the bond, $1000. The statement of claim also set forth the action of the superior court in dissolving the injunction as to appellant and sustaining it as to the Prathers. The surety on the bond, Peterson, alone defended the suit. He filed an affidavit of merits, and among other things alleged that the bond was given for the benefit of joint obligees and that appellant could not maintain a several action on the bond. The cause was tried by the court without a jury. The court refused propositions of law asked by appellant that he had the right to bring and maintain the action and rendered judgment for the defendants, which was affirmed by the Appellate Court.

The question presented for determination is, where a temporary injunction is granted against more than one defendant, and on final hearing is dissolved as to one but made perpetual as to the others, can the one defendant as to whom the injunction is dissolved maintain a separate suit on the bond to defendants jointly, to recover damages

sustained by him by reason of the injunction against him?
The municipal and Appellate Courts held he could not.

Appellant contends that it is apparent from the injunction bond itself that the interests of the obligees were separate and distinct; that appellant had no interest in the injunction against the Prathers and they had no interest in the injunction restraining him from enforcing the payment of his judgments and from bringing other suits for rent; that the decree sustaining and making the injunction against the Prathers perpetual was an adjudication that they had sustained no damages and had no right of action on the bond, but dissolving it as to appellant gave him a right of action on the bond to recover the damages he had sustained. It is argued this presents a legal excuse why all the obligees need not be joined as plaintiffs. Authorities are cited to the effect that where one of two or more joint obligors is dead or has been discharged in bankruptcy, or where one of them is, in fact, not liable on the ground of infancy, suit may be brought against the remaining joint obligors, and it is contended that rule is equally applicable to a suit by the obligees where one of them has sustained no damages by reason of the issuing of the injunction and consequently has no right of action on the bond. Counsel says the precise situation here presented has never been passed upon by the courts of this or any other State, so far as he has been able to ascertain.

Sureties are favored in law and their contracts must be strictly construed. A contract of a surety must not be extended by implication beyond the precise terms of his undertaking. (*Ovington* v. *Smith*, 78 Ill. 250; 32 Cyc. 73.) In the *Ovington case* one Whitty sued out an injunction against Schroeder and Smith, and gave bond, with Ovington as surety, to indemnify them against damages in case the injunction was dissolved. The injunction was dissolved as to Schroeder. He filed his suggestion of damages, and the court awarded him $500 against Whitty. Smith and

300—34

Schroeder, for the use of Schroeder, brought suit on the injunction bond. This court said: "Appellant's [Ovington's] undertaking, as has been seen, was to pay Smith and Schroeder such damages as should be awarded against Whitty upon dissolving the injunction. The injunction was not dissolved, (as against Smith it continued in force,) and there was no undertaking to pay Schroeder such damages as he should sustain upon dissolution of the injunction as to him, alone. Appellant's undertaking as surety is to be strictly construed, and he cannot be held liable beyond the precise terms of his undertaking."

In *International Hotel Co.* v. *Flynn,* 238 Ill. 636, the action was a suit by the hotel company on two injunction bonds in a suit for injunction brought by Bernard J. Flynn against the hotel company and C. M. Woodward. The injunctions issued upon Flynn giving bonds to the hotel company and Woodward as obligees, with Annie F. Flynn as surety. The bonds were conditioned that the obligors would pay the obligees all damages that should be awarded to any one or more of them, jointly or severally, in case the injunctions should be dissolved. The injunctions were dissolved and damages assessed against Flynn in favor of the hotel company, and not being paid, the hotel company brought suit on the bonds. The question raised in this court was whether, the bonds having been made to joint obligees, an action on them could be sustained by only one of them. The hotel company contended that as the condition of the bonds provided the obligors would pay the hotel company and Woodward "all such costs and damages as shall be awarded to any one or more of said defendants, jointly or severally," the interest of each was several, and they might bring separate actions for damages sustained by them, respectively. The court held the legal interest of the obligees was joint; that the fact the condition of the bond provided the obligors would pay the damages awarded the obligees, jointly or severally, did not make their legal

interest several; that the legal interest of a party in a contract or covenant and the benefit to be derived from it are different things and should not be confounded. In the opinion numerous decisions of courts of last resort are cited in support of the holding that the bonds were joint obligations to the obligees and that an action could not be maintained by one alone. We need not here again quote from or refer to all of them but we may refer to *Farni* v. *Tesson,* 1 Black, 309, where suit was brought by one of several obligees. The declaration alleged the death of one of them and the want of interest in the others. The court held the condition of the bond was no part of the obligation, although a judgment for the penalty will be released on the performance of the condition; that it is an elementary principle of the common law that where a contract is joint all the joint obligees who are alive must be joined as plaintiffs. The court quoted what it said was a true statement of the rule by Baron Parke, which in part is, that an obligation will not be construed to be several by reason of several interests if it be expressly joint, and said: "In this case the covenant is joint and will admit of no construction. The condition annexed cannot affect the plain words of the obligation." Here the obligation was to appellant and the Prathers jointly, and the fact that the condition provided for its discharge upon the payment of damages awarded one of them does not, under the authorities, change the legal interest of the obligees so that separate actions might be maintained. This court said in *Phillips* v. *Singer Manf. Co.* 88 Ill. 305: "Where a bond upon its face denotes the parties to it, the action must be between the parties to it no matter what may be the terms of the defeasance." In a note to *International Hotel Co.* v. *Flynn, supra,* on page 1062, volume 15, American and English Annotated Cases, several cases are cited in support of the author's statement that the condition of the bond may require different sums to be paid to each of the obligees does not change the rule

that all must join in the action because the legal interest is in all. In the same note it is said: "According to the weight of authority an action for the breach of the condition of a bond is not maintainable in the name of one obligee although it is averred that the plaintiff, alone, has sustained damage." It is true the interests of appellant and the Prathers were not joint, but the obligation was joint, and under the decisions a separate action cannot be maintained by one of the joint obligees. If it be thought the well settled rule should not be adhered to, we refer to the last paragraph of the court's opinion in *Farni* v. *Tesson, supra.* We are unable to see anything in the facts of this case to exempt it from the rule established by the great weight of authority.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*